## Angelotti *v.* Rankin Borough, Appellant, et al.

Argued March 28, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*I. Edward Roth,* with him *Leo Kostman,* for appellant.

*Joseph A. Beck,* with him *B. B. McGinnis* and *Robert A. Jarvis,* for appellee.

OPINION BY MR. JUSTICE MAXEY, April 14, 1941:

This is an appeal by the Borough of Rankin from the judgment in the sum of $11,620.53 recovered against it in a mandamus action brought by the appellee to recover for engineering services rendered by him on an alleged contract.

The petition for the writ of mandamus set forth, inter alia: On April 22, 1939, at a duly called special meeting of the Rankin Borough Council, the appellee "was employed, authorized and engaged to furnish all engineering services, and prepare all the engineering data, plans and specifications for a Works Progress Administration Project in said Borough of Rankin, embracing new construction and reconstruction of public thorough-

fares, installation of water lines and sewer lines and such other public improvements, as the Council of the Borough of Rankin may designate." By virtue of this resolution and in compliance therewith, the appellee furnished "all engineering services and did prepare all the engineering data, plans, specifications required by and in form accceptable to the Works Progress Administration, for such project or projects as were designated by the Council of the Borough of Rankin, and did on September 12, 1939, submit the same to the Allegheny County Branch Office of the Works Progress Administration." The appellee was to be paid 6% of the estimated total cost of the projects. The projects cost $253,192.00 and appellee claims compensation at the rate of 6% or $15,191.52. Appellee received advance compensation in the sum of $500.00 and later received additional sums amounting to $3,500.00, leaving a balance due him according to his claim of $11,191.52. The Borough has refused him payment of this sum.

Defendant moved to quash the writ setting forth, inter alia: "The petition for said writ does not make out a good and sufficient legal claim upon which mandamus may be based. Contractual obligations and rights springing solely from contract, such as those alleged in relator's petition, are not enforceable by mandamus, inasmuch as there is a full, just, complete, and adequate remedy at law. . . . The duty alleged by relator devolving upon the defendants above named is not such a clear, ministerial, non-discretionary, unequivocal, legal duty as would warrant the use and issuance of such a high prerogative writ as that of mandamus." It was further alleged in support of the motion to quash that the resolution of the Borough of Rankin on which appellee's claim is based, was not properly signed by the Burgess and other necessary officials of the Borough as required by the Borough Code.

The jury returned a verdict in favor of the plaintiff in the sum of $11,620.53, the full amount of his claim

with interest. Defendants' motions for judgment n. o. v. and for a new trial were refused. The Borough of Rankin thereupon appealed.

There are several reasons why this judgment cannot stand. In the first place, the plaintiff made out no case for a writ of mandamus. As this court said in *Chilli v. McKeesport School District*, 334 Pa. 581, 6 A. 2d 99: "Mandamus is not a remedy of absolute right, it is an extraordinary writ, discretionary with the court, and can only be obtained when there is a clear legal right in the relator and a positive duty of the defendant to be performed, and where there is no other adequate, specific or appropriate remedy; mandamus can never be invoked in a doubtful case: *Homan v. Mackey et al.*, 295 Pa. 82," 144 A. 897.

Another reason why plaintiff's action must fail is that he proved no written contract. The Act of May 21, 1937, P. L. 767, amending certain provisions of the Borough Code of 1915, enumerates the contracts or purchases involving expenditures of over $500.00 which shall not require advertising or bidding but it does not exempt any of these contracts from the necessity of being *in writing*. In *Morganstern Electric Co. v. Borough of Coraopolis*, 326 Pa. 154, 191 A. 603, this court held that under the statute requiring borough contracts involving an expenditure of $500.00 or more to be in writing, the borough cannot be charged with contractual liability pursuant to ordinance or resolution awarding contract unless final written contract is executed by parties, even though as was the fact in that case, that ordinance or resolution was reduced to written or typed form in minutes of council or in borough's ordinance book.

Persons intending to enter into legal relations with a borough which will obligate the latter to expend "over $500" on contracts or for purchases, must see to it at their own peril that the contract is in writing and that all other statutory requirements in relation thereto are

obeyed. If the requirement of the statute can be set aside every time its application seems to work an injustice to one who has furnished to the borough materials or services worth over $500.00, the statute would be defunctionalized whenever any court felt that injustice would result from its application.

Appellant further complains that notice of the special meeting of council was not served properly on each member of council and that the alleged municipal ordinance or resolution was not advertised in a newspaper of general circulation, and that the ordinance was not recorded in the ordinance book. In view of the conclusion we have already reached, it is not necessary to discuss these pertinent objections of the appellant to the irregularity of the proceedings.

The judgment is reversed and is herein entered for appellant.