## Shamberg et al. v. McNulty

*Alexander S. Gorny*, for plaintiffs.

*James W. McNulty*, city solicitor, p. p.

ROBINSON, J., April 23, 1948.—One hundred and seven former employes of the City of Scranton bring this action in mandamus against the city solicitor. Plaintiffs seek to compel defendant to confess judgments in their favor and against the city.

Plaintiffs allege there are certain claims for wages due each of them; that the council of the city directed the city solicitor to confess judgments in favor of re-

spective plaintiffs; that the solicitor refused to do so, and that there is no adequate remedy at law.

Defendant filed preliminary objections to the complaint pleading that no cause of action had been stated by plaintiffs; that there is an adequate remedy at law; that an action in assumpsit is in order; that the solicitor is not required by law to do the act demanded; that council had no authority to direct the solicitor as it did; that the solicitor must exercise his judgment and discretion to determine whether or not the action of the council was legal.

Plaintiffs' claims are alleged to be due because of an ordinance authorizing paid vacations for city workers. The resolution of council relied upon by plaintiffs is as follows:

"That the City Solicitor be notified to confess judgment in the amount of moneys that is due the former per diem city employees for vacations and back pay."

" 'Mandamus is not a remedy of absolute right, it is an extraordinary writ, discretionary with the court, and can only be obtained when there is a clear legal right in the relator and a positive duty of the defendant to be performed, and where there is no other adequate, specific or appropriate remedy; mandamus can never be invoked in a doubtful case': Chilli v. McKeesport School District, et al., 334 Pa. 581, at page 583, 6 A. 2d 99; Angelotti v. Rankin Borough et al., 341 Pa. 320, at page 323, 19 A. 2d 398, at page 399. See, also, Homan v. Mackey et al., 295 Pa. 82, 85, 86, 144 A. 897; Hotel Casey Co. v. Ross et al., 343 Pa. 573, 582-585, 23 A. 2d 737." Com. ex rel. v. Bethlehem School District et al., 148 Pa. Superior Ct. 250, 258.

The general law on the subject of mandamus and a collection of most of the Pennsylvania authorities thereon is found in Tannenbaum v. D'Ascenzo et al., 356 Pa. 260, et seq.

In 11 Standard Pa. Practice 151, it is said:

"The second essential element in an action of mandamus is the existence of a legal duty on the part of the respondent or defendant to do the thing which the relator seeks to compel. There must be not only a clear legal right in the relator, but a corresponding clear duty upon the defendant. Thus, the writ does not lie to compel a public officer to do any official act which the law does not impose upon him, either expressly or by implication, or to discharge the duties of his office in a manner not authorized by law. Mere inconvenience to the defendant, however, is not a sufficient reason for denying the mandamus."

In 34 Am. Jur. 943, the rule applicable to the facts of this case is stated as follows:

"Although mandamus will issue in a proper case to compel the allowance or payment of claims against public corporations, the employment of the remedy for such purpose seems to be confined to cases where the claim is liquidated and certain. For mandamus issues only where the right is clear, and so it will not, as a general rule, lie to compel the allowance or payment of a claim against a public corporation which is unliquidated, unascertained, or doubtful. In determining whether such a claim shall be allowed in whole or in part under the circumstances of the case, the officers charged with the matter exercise a quasi-judicial or discretionary power which the courts will not attempt by mandamus to control or review."

In order for a writ to issue in an action of mandamus it must appear that there is a clear right in plaintiffs and a clear positive legal duty for defendant to perform. The right does not exist in plaintiffs because of their claims against the city, nor does the duty rest upon the solicitor because of his office. The right in the relating parties and the duty upon the solicitor can only be found, if at all, in the resolution of the council.

An examination of this legislative action fails to convince us that it would warrant the issuance of a writ to compel the relief plaintiffs seek. The solicitor is merely "notified" to confess a judgment, language that cannot confer authority upon the solicitor to confess judgment against the municipality. Neither does the resolution in any way inform the solicitor in whose favor the judgments should be confessed or the amount of the judgment to be confessed in each instance.

We cannot hold that the action of the Council of the City of Scranton is clear, precise and understandable to the extent it leaves the solicitor with nothing more to do than some act which is purely ministerial in character.

We cannot agree with the argument that defendant can obtain the necessary information as to the parties and amounts to enable him to confess judgment. Where a solicitor confesses judgment against a municipality upon the authority of the council he must do so strictly in accordance with that authority. He has a right to refuse to do so if that authority is not clear and understandable.

The responsibility for the amounts and the persons in whose favor judgments are to be confessed is that of the council. The giving of a blanket, indefinite authority to the city solicitor to confess judgments against the municipality has resulted in fraud and corruption in other parts of this Commonwealth. As it is the duty of the city solicitor to pass upon the legality of claims against the city he is to be commended for refusing to act under the type of legislative action here considered. A public official should not be compelled to act when he cannot know what he is doing.

Now, April 23, 1948, preliminary objections to the complaint are sustained and judgment entered in favor of defendant.