Robert Geriot *v.* Council of the Borough of Darby. Borough of Darby, Appellant.

Argued December 15, 1982 before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Peter J. Nolan,* for appellant.

*Michael A. Paul, Richard, Brian, DiSanti & Hamilton,* for appellee.

OPINION BY JUDGE DOYLE, March 17, 1983:

This is an appeal from an order of the Court of Common Pleas of Delaware County granting a motion for summary judgment in favor of Robert Geriot against the Borough of Darby. We affirm.

Geriot, a police officer in the Borough of Darby, filed this action in mandamus requesting that the Borough Council be directed to recalculate and pay police wages for 1977. Geriot contends that the basic wage for 1977 should have been calculated to include a cost of living increment paid in 1976, in accordance with the terms of a 1975-76 bargaining agreement. He asserts that the terms of the agreement, which provide for the addition, in 1976, of a cost of living increment to the basic wage, are not negated by a 1977 arbitration award, entered in a collective bargaining dispute over employment terms, which added $300 and another cost of living increment to the ''base wage'' during 1977. The Borough asserts that the terms of

the arbitration award exclude the 1976 cost of living increment from any calculation of the 1977 base wage.

Our scope of review in mandamus actions is limited to a determination of whether the court of common pleas abused its discretion or committed an error of law. *Rizzo v. Schmanek*, 61 Pa. Commonwealth Ct. 547, 439 A.2d 1296 (1981). Our Court has delineated the following standards for the entry of a summary judgment:

> 1) the case must be clear and free from doubt; 2) the moving party must prove that there is no genuine issue of material fact to be tried and that it is entitled to judgment as a matter of law; and 3) the record must be viewed in the light most favorable to the non-moving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Pennsylvania Public Utility Commission Bar Association v. Thornburgh*, 62 Pa. Commonwealth Ct. 88, 93, 434 A.2d 1327, 1329-30 (1981) *aff'd* 498 Pa. 589, 450 A.2d 613 (1982); *see also J. Berman & Sons, Inc. v. Department of Transportation*, 21 Pa. Commonwealth Ct. 317, 345 A.2d 303 (1975).

The Borough of Darby urges that a genuine issue of material fact arises over the calculation of the basic wage amount for 1977 and summary judgment is therefore inappropriate. Geriot counters that the dispute is not over what the basic amount is, but instead concerns whether the arbitration award or the 1975-76 contract controls its calculation, which is a question of law. The court of common pleas adopted Geriot's view and we agree. The actual basic wage figure is not a fact in dispute for summary judgment purposes, even though the parties disagree over what the figure should be. It is rather a mere factual re-

sult which obtains on resolution of the question of
law concerning its calculation. If the 1977 arbitration
award does not require the 1976 cost of living in-
crease to be included in the calculation, as the Bor-
ough contends, the figure will be one amount; if the
1976 cost of living increase should be included, as
Geriot maintains, another amount will result. The
correct basic wage figure will flow directly from a
reading of the contract and an interpretation of the
language of the award, and is purely a question of
law. There is no genuine issue of material fact to be
developed at trial and summary judgment is appro-
priate.

Turning to the language in question, we note that
paragraph one of the 1975-76 wage agreement pro-
vided in pertinent part:

> Beginning January 1, 1976 the annual wage for
> each officer shall be increased by $350 plus the
> percentage of increase [in] cost of living as
> measured by the C.P.I. for Philadelphia during
> the 12 months ending October 1975. Said cost
> of living is incorporated in and shall become
> part of the basic wage as of January 1, 1977.

The award entered by the Board of Arbitration for
the calendar year 1977 provided in relevant part:

> 1. Commencing January 1, 1977, the annual
> wage for each police officer shall be increased
> by Three Hundred ($300.00) Dollars plus a
> cost of living adjustment for all police equal
> to the increased cost of living as measured by
> the C.P.I. for the Philadelphia Region for the
> twelve month period ending October, 1976, to
> be added to the base wage.
>
> . . . .
>
> 5. All other benefits previously awarded or
> enjoyed shall remain "as is".

We think it is clear, as did the court of common pleas, that the arbitration award provided for increases to be made to the basic wage in 1977, but did not fix the basic wage figure to which those increases were to be added. The "as is" clause in the award, therefore, left in place the method for the calculation of the 1977 basic wage in the 1975-76 wage agreement.

In Geriot's complaint it is averred that the Borough of Darby, when computing and paying policemen's wages in 1977, did not add the increases in the arbitration award to a basic wage figure calculated according to the 1975-76 agreement. In answer, the Borough denied the allegation. Pursuant to Pa. R.C.P. No. 1035, Geriot, in support of the motion for summary judgment, offered the deposition testimony of Delores P. Kirlin, who was Borough Secretary from January, 1976 to March, 1980. Ms. Kirlin testified that she was responsible for calculating the police payroll for 1977 for budgetary purposes. She testified that the 6.9% of living increase, measured by the C.P.I. for the twelve month period ending October, 1975, and paid during 1976 was specifically excluded from the computation of the basic wage for 1977. The Borough offered no affidavit, deposition testimony or other evidence to controvert Ms. Kirlin's testimony. Pa. R.C.P. No. 1035(d) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In the case before us, viewing the record in the light most favorable to the non-moving party, it remains clear that the basic wage for policemen in 1977 should have been calculated according to the 1975-76 wage agreement and was not. That Geriot is entitled to judgment is clear and free from doubt. The court of common pleas did not abuse its discretion or commit an error of law in granting summary judgment in Geriot's favor.

ORDER

Now, March 17, 1983, the order of the Court of Common Pleas of Delaware County granting summary judgment in favor of Robert Geriot against the Borough of Darby is hereby affirmed. The Borough is directed to take such action as is appropriate to recalculate the basic wage for 1977 and effect payments to plaintiffs, consistent with this opinion.