James W. DeBald et al., Appellants *v.* Albert J. McCarthy et al., Appellees.

Albert J. McCarthy et al., Appellants *v.* James W. DeBald et al., Appellees.

Argued December 12, 1984, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Carole J. Wildoner*, with her, *Anthony L. V. Picciotti, Anthony L. V. Picciotti, P.C.*, for appellants/appellees, James W. DeBald et al.

*Justin J. McCarthy*, of counsel: *Wusinich and McCarthy*, for appellees/appellants, Albert J. McCarthy et al.

410

OPINION BY JUDGE CRAIG, February 5, 1985:

The Borough of Kennett Square[1] appeals from a decision of the Court of Common Pleas of Chester County, sitting en banc, which affirmed, in part, an order which Judge GAWTHROP of that court had issued in a mandamus action which several police officers[2] had brought against the borough to enforce arbitration awards and collective bargaining commitments. The en banc court affirmed those parts of Judge GAWTHROP's order requiring the borough to pay the officers for overtime worked during 1978 through 1981 and to purchase life insurance for each officer, but struck those paragraphs of the order directing the borough to pay to the police pension fund the amounts it had failed to expend for life and disability insurance. The officers cross-appeal from the striking of those parts of Judge GAWTHROP's order.[3]

---

[1] The borough's mayor and councilmen are also party appellants and appellees in the cross-appeal.

[2] The officers, appellees here and appellants in the cross-appeal, are Albert J. McCarthy, Donald E. Mayo, Frank J. Zagorskie, Steven H. Guest, J. Stephen Little and Edward Zunino.

[3] Judge GAWTHROP's order, exclusive of footnotes, provided:

1. Judgment be and is entered in favor of the plaintiffs named below, and against defendant Borough, in the stated sums, which are due and owing by the Borough for overtime work during the years 1978 through 1981:

| | |
|---|---|
| a) Donald E. Mayo | $1,053.48 |
| b) Frank J. Zagorski | 1,169.60 |
| c) Albert J. McCarthy | 1,118.00 |
| d) Steven H. Guest | 1,126.64 |
| e) J. Stephen Little | 984.52 |
| f) Edward Zunino | 1,565.40 |

2. The Borough is hereby ORDERED to purchase, forthwith, term life insurance in the amount of $25,000 for each Borough police officer for the unexpired term of the current contract. In any event, such insurance shall be purchased not less than thirty (30) days from the signing of this Order.

The several issues for our determination are (1) whether Judge GAWTHROP properly addressed and determined the availability of mandamus, (2) whether mandamus was appropriate for two former officers, (3) whether the trial court erred in an evidentiary ruling, (4) whether the trial court correctly awarded overtime pay, and, on the cross-appeal, (5) whether the en banc court abused its discretion by striking portions of Judge GAWTHROP's order.

During the years 1974 through 1981, a series of collective bargaining agreements and arbitration awards[4] governed the employment relationship between the borough and its police officers, in accordance with Act 111, Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§217.1-217.10. The terms of those awards and agreements required the borough to compensate the officers at one and one-half times the hourly base pay for overtime, defined as more than eight hours per day or forty hours per week. The terms also required the borough to purchase term life insurance in the amount of $25,000 for each officer and to spend a maximum of $2,000 per year, in both 1975 and 1976, for disability insurance. The 1983 contract, in effect at the time of Judge GAWTHROP's decision, similarly required the borough to purchase life insurance for each officer.

3. Judgment is entered against the Borough in the amount of $3,151.69, which is the sum of the premium it had the duty to expend for term life insurance for Police Officers for the years 1975 through 1981, said sum to be paid to the police pension fund.

4. Judgment is entered against the Borough in the amount of $4,000, which sum represents monies the Borough had the duty to expend for disability insurance under the terms of the 1975 award and 1976 contract, said sum to be paid to the Police Pension Fund.

[4] In calendar years 1975, 1977 and 1980, arbitration awards were in effect; in all other years the parties successfully negotiated collective bargaining agreements.

The officers sought mandamus to compel the borough's compliance with each of the specified terms. After trial, Judge GAWTHROP issued an order deciding in favor of the officers on each of those points. Ruling on the borough's exceptions, the en banc court concluded that no precedent directly supported the judge's order granting to the police pension fund those sums which the borough had failed to expend for insurance premiums; the court en banc therefore struck those sections, but left the balance of Judge GAWTHROP's order as the court's final order.

## 1. Availability of Mandamus

The borough initially contends that Judge GAWTHROP erred by failing to determine, after receiving evidence, whether mandamus was the appropriate procedural vehicle for the case. Before answering the complaint, the borough had filed a preliminary objection in the nature of a demurrer; Judge STIVELY overruled that objection, concluding that mandamus was available to enforce Act 111 arbitration awards and agreements.

In his order, Judge GAWTHROP specifically agreed that mandamus was the proper procedure, noting in a footnote that Judge STIVELY's initial determination was the law of the case on the issue. The borough argues that because Judge GAWTHROP had heard evidence in the case, the preliminary decision was no longer binding and therefore, he should have, but did not, reconsider the issue.

The cases have clearly established the general rule that "absent some [new] evidence it is improper for a trial judge to overrule an interlocutory order by another judge of the same court in the same case. . . ."[5]

---

[5] The adjective "new", which appears in both the original opinion of the court and the regional reporter, was inadvertently omitted from the official report of the case.

*Commonwealth v. Tyson,* 57 Pa. Commonwealth Ct. 569, 575, 427 A.2d 283, 286 (1981); *Reifinger v. Holiday Inns, Inc.,* 315 Pa. Superior Ct. 147, 461 A.2d 839 (1983). At the close of trial, Judge GAWTHROP had received evidence that had not been available to Judge STIVELY; however, the receipt of evidence, which may have empowered Judge GAWTHROP to overrule the preliminary decision, did not require him to do so.

Contrary to the borough's interpretation, we do not read Judge GAWTHROP's statement as indicating failure to consider the question. Rather, it reflects his implicit determination that the evidence did not justify overruling the initial order, which therefore became binding.

The borough also continues to argue that mandamus was not available because the officers had an adequate remedy through a civil action (formerly assumpsit).

The extraordinary writ of mandamus may "compel the performance of a ministerial act or mandatory duty only 'where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy.' " *Township of South Fayette v. Commonwealth,* 73 Pa. Commonwealth Ct. 495, 506, 459 A.2d 41, 46 (1983), quoting *Valley Forge Racing Association v. State Horse Racing Commission,* 449 Pa. 292, 295, 297 A.2d 823, 825 (1972).

The recent case of *Geriot v. Council of the Borough of Darby,* 491 Pa. 63, 417 A.2d 1144 (1980), *appeal after remand,* 73 Pa. Commonwealth Ct. 1, 457 A.2d 202 (1983), firmly established that mandamus is available to enforce clear contractual rights arising from Act 111 collective bargaining agreements and arbitration awards. We agree with the trial court that with respect to the borough's duty to purchase life insurance and compensate the officers for overtime, the

agreements and awards are without ambiguity; thus, we conclude that the court did not err in allowing the officers to proceed in mandamus.

With respect to its contention that the officers were not entitled to mandamus because the applicable agreements and awards had expired, thereby negating any clear legal rights and duties, the borough was unable to supply any direct authority for the proposition that only executory contracts are enforceable through mandamus.[6] In *Angelotti v. Rankin Borough*, 341 Pa. 320, 19 A.2d 398 (1941), which the borough cites, the court's determination that mandamus was unavailable turned, not upon the fact that the contract had been executed, but upon the plaintiff's failure to prove the existence of the applicable contract and the court's general statement, without reference to the evidence, that he had "made out no case for a writ of mandamus." *Angelotti*, 341 Pa. at 323, 19 A.2d at 399.

## 2. The Former Officers

The borough next contends that the court erred in granting relief to former officers Zagorskie and Little because they did not work for the borough when they brought suit, and therefore, it argues, the borough owed them no clear legal duty. Because these contracts governed the parties' employment relationship, that contention is legally the equivalent of the borough's unsuccessful argument that mandamus is not available to enforce the terms of an executed contract.

We are unpersuaded that a dissatisfied Act 111 employee must remain with an employer in order to seek mandamus to enforce clear contractual rights;

---

[6] We also note that each arbitration award and collective bargaining agreement provided that all benefits from earlier awards and agreements would carry forward, reinforcing the trial court's conclusion that the borough's duty to the officers was ongoing and currently enforceable.

furthermore, as Judge GAWTHROP noted, judicial economy required that the former officers remain in the suit and "the additional burden to the defense [was] de minimis." Indeed, the trial court opined that the inclusion of the former officers actually benefited the borough by reducing the amount it expended for counsel fees.

### 3. Evidentiary Ruling

With respect to Exhibit P-9, containing summaries and computations of overtime due each officer, the borough contends that the trial court erred in admitting the pages titled "Monies Owed" because the officers failed to lay a proper foundation.

That contention must fail, however, because officer McCarthy prepared those pages from borough records which were also in evidence. Furthermore, the court admitted the pages, not as substantive proof of the entitlement to overtime, but "just as a summary" of the admitted borough records, referring to them as "nothing more than arithmetic"; therefore, the cases upon which the borough relies, discussing the admissibility of substantive evidence, are inapposite.

### 4. Overtime

The borough also argues that the trial court committed legal error by concluding that the officers had established their entitlement to overtime pay. Because we concluded that the trial court did not err in admitting Exhibit P-9, the borough's first point, premised on its inadmissibility, is unpersuasive.

Similarly, we reject the argument that the evidence was insufficient to support the award. The borough introduced the testimony of its payroll clerk that, as of December 1981, it did not owe any of the officers for overtime; however, the officers introduced borough records and the testimony of Officer McCarthy to establish their entitlement. Presented with conflict-

ing evidence, the trial court does not abuse its discretion nor commit legal error by choosing to accept one party's competent evidence over the other's. *Arnold v. Pittsburgh Board of Public Education,* 52 Pa. Commonwealth Ct. 313, 415 A.2d 985 (1980).

We are also unpersuaded by the borough's argument that the court's award of overtime pay is inconsistent with its conclusion that the borough scheduled overtime correctly. Obviously, the borough may establish overtime schedules which do not violate the applicable contract terms while failing to compensate the officers properly for that extra work.

The borough's contention that the court failed to provide a set-off for weeks when the officers worked less than forty hours ignores Judge GAWTHROP's clear statement to the contrary. In footnote six of his adjudication, he comments that the figures for overtime pay had undergone a revision which "lowered the amount sought to about one-third of the original, in order to reflect appropriate diminution or set-off of this claim by the number of hours less than 40 per week the police officers worked during the period in question."

Although a footnote is an unusual feature of an order, the en banc court's final order, which we hereby affirm, confirmed that element of Judge GAWTHROP's adjudication. Therefore, this court makes clear that our affirmance means that the borough may, as exceptant, elect to call for an accounting, in accordance with the terms of that order.[7]

---

[7] Footnote six of Judge GAWTHROP's order provided:

These figures are those presented in Exhibit P-9, on the sheet entitled "Monies Owed", revised August 25, 1975. We observe that such revision lowered the amount sought to about one-third of the original, in order to reflect appropriate diminution or set-off of this claim by the number of hours less than 40 per week the Police Officers had worked

## The Cross-Appeal

The officers contend that the en banc court abused its discretion by striking Judge GAWTHROP's awards to the police pension fund. An abuse of discretion is not merely an error in judgment; a court has abused its discretion when the record shows that it overrode or misapplied the law, exercised its judgment in a manifestly unreasonable manner or reached a conclusion as the result of partiality, prejudice, bias or ill will. *Sherman v. Yoder*, 59 Pa. Commonwealth Ct. 430, 430 A.2d 347 (1981).

The en banc court grounded its decision on the absence of a legal basis for the trial judge's award. Although Judge GAWTHROP may have successfully fashioned an equitable remedy, as we have discussed, mandamus is a legal action available only to enforce clear legal rights and duties. *Township of South Fayette v. Commonwealth*, 73 Pa. Commonwealth Ct. 495, 459 A.2d 41 (1983).

The pension fund, which was not a party, had no clear, enforceable right to receive the unspent insurance premiums from the borough, and the officers

during the period in question. We have not culled the voluminous records which form P-9 to check each and every hour of overtime for each and every day, over the years in question, for each and every plaintiff, which the awarded sums represent. From our examination of the exhibits and upon consideration of the considerable testimony on this point, we believe the figures to be essentially correct. If exceptions are filed to this computation, an accountant shall be appointed, as prayed for in the original Complaint, to review the Borough's records with a fine-tooth comb in order to give the Court and the parties a precise figure to the last penny. At this juncture, however, we prefer to try to keep the costs of this proceeding to a minimum. Should such procedure become necessary, the costs for said accountant shall be paid by exceptant, if it be found that such exceptions were substantially devoid of merit.

similarly had no right either to require payment to themselves or to the fund. Although not endorsing the intransigence and cavalier attitude of the borough toward its legal obligations, we find neither legal error nor abuse of discretion in striking the paragraphs directing payments to the pension fund.

Accordingly, we affirm.

### ORDER

Now, February 5, 1985, the order of the Court of Common Pleas of Chester County, No. 139 January Term 1981, dated May 19, 1983, is affirmed, with the sole modification that, to avoid indefiniteness, the borough shall make its election regarding an accounting not later than the 30th day following the date on which this order becomes final.