533 A.2d 1117

In Re: Private Tax Sale of Premises 214 Plushmill Road, Nether Providence Township, Delaware County, Pennsylvania. Pennsylvania Realty Abstract Company, Appellant.

Argued June 11, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

354

*Alfred O. Breinig, Jr.,* for appellant.

*James E. Del Bello,* Assistant County Solicitor, for appellee.

OPINION BY JUDGE BLATT, November 30, 1987:

The Pennsylvania Realty Abstract Company (appellant) appeals an order of the Court of Common Pleas of Delaware County (trial court) which granted the petitions of Nether Providence Township and the Wallingford-Swarthmore School District to disapprove a private tax sale and directed that the Delaware County Tax Claim Bureau (Bureau) conduct an auction where the subject property, 214 Plushmill Road, in the Township could be bid upon by the appellant and Marshall DiGiacomo with a minimum bid of $33,000.

The trial court held a hearing and determined that the Bureau had advertised the subject premises at an upset price of $26,647.83. At the sale, however, the Bureau erroneously announced the sale price to be $11,313. The appellant was the only party bidding and it bid the announced price. The following day the Bureau discovered its error and notified the appellant that its bid could not be accepted because it was insufficient to meet the certified and advertised upset price. The Bureau's solicitor then informed the appellant that the property would have to be sold as a private offering and

that the appellant was free to negotiate with the respective taxing districts for the best price it could get. Negotiations commenced and the appellant offered the taxing district $20,800. Mr. DiGiacomo then made an offer of $28,052; the appellant countered with a bid $1.00 higher. But the Bureau had actually notified the taxing districts that the property would be sold to the appellant for $20,800 unless objections were filed. The notice that the property would be sold for $20,800 caused the taxing districts to object, and the trial court was asked to determine the validity of the upset sale. It concluded that the sale was invalid and entered an order directing that the property be sold at private auction as previously described. It is that order which is now before us for review.

Before us, the appellant alleges two grounds for error. First, it asserts that where the Bureau never exposed the property to an upset sale at the advertised price, $26,647.83, there has not been an exposure to public sale as contemplated by Section 613 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.613.[1] The appellant

---

[1] At the relevant time period, Section 613 provided as follows: (a) At any time within one (1) year after any property has been exposed to public sale and such sale is continued because no bid was made equal to the upset price, as hereinbefore provided, and whether or not proceedings are initiated pursuant to sections 610 through 612.1, the bureau may, on its own motion, and shall, on the written instructions of any taxing district having any tax claims or tax judgments against said property, agree to sell the property at private sale, at any price approved by the bureau. Notice of the proposed sale, stating the price and the property proposed to be sold, shall be given to each such taxing district and to the owner of the property. The corporate authorities of any taxing district having any tax claims or tax judgments against the property which is to be sold

argues, therefore, that the proper remedy is to hold another public sale where the property is exposed at the correct price. The appellant asserts that it was within the intendment of the Legislature that property be exposed at the correct price to at least one public sale so as to best insure open competitive bidding and the highest possible return to the taxing districts. Alternatively, the appellant contends that the trial court abused its discretion in ordering a private auction inasmuch as that remedy is not specifically set forth in the' Law. Further, it contends that the Legislature did not provide for private auctions but instead created a system whereby the taxing district may object to a low price and attempt to convice the court to disapprove the sale. Then, interested purchasers can submit additional offers to the Bureau which can negotiate for the best price with the

> or the owner may, if not satisfied that the sale price approved by the bureau is sufficient, within forty-five (45) days after notice of proposed sale, petition the court of common pleas of the county to disapprove the sale. The court shall, in such case, after notice to each such taxing district, the owner, the bureau and the purchaser, hear all interested parties. After such hearing, the court may either confirm or disapprove the sale as it appears just and proper. If the sale is disapproved, the court shall at the same time fix a price below which such property shall not be sold.

Subsequent to the time the cause of action accrued in this case, the Legislature amended Section 613. *See* Section 38 of the Act of July 3, 1986, P. L. 351. That amendment, *inter alia,* added the following language to the end of the prior Section 613:

> and order that, if no private sale can be arranged, the property be sold at public judicial sale under this act. *If more than one party agrees to pay the minimum price set .by the court, the court shall direct the bureau to conduct an auction-style bid of the property among the parties to the proceedings.* If only one party agrees to pay the minimum price set by the court, the bureau shall sell the property to that party without the necessity of an auction.

(Emphasis added.)

multiple parties making offers. We shall consider the issues raised by the appellant seriatim.

As to the question of whether or not exposure of the property at the wrong price constituted an exposure to public sale for purposes of Section 613(a), we note that the trial court specifically found that the appellant's representative at the upset sale knew that the announced price was in error. The appellant, however, did not bring this matter to the immediate attention of the Bureau. We do not believe that, on these facts, the appellant should be permitted to assert now that there was no exposure to public sale. Clearly the appellant was not misled by the Bureau's error. We must consequently reject the notion that, with respect to the appellant, there was no valid exposure of the property and note that the appellant would not have standing to assert the detrimental reliance of another bidder who did not know the true upset price.

As to the question of whether or not the trial court's remedy constituted an abuse of discretion, we must hold that it did not. At the time period in question, the Law was silent on the question as to what procedure was to be followed when multiple bidders were interested in the same property after it had been exposed for public sale. Subsequent to the time here concerned, the Legislature amended Section 613(a)[2] to authorize the procedure followed here. While that amendment cannot be applied retroactively, it is helpful to consider it in determining whether or not the trial court abused its discretion. And, of course, a court abuses its discretion when it misapplies the law, exercises its judgment in a manifestly unreasonably manner, or reaches a conclusion as a result of partiality, prejudice, bias or ill will. *DeBald v. McCarthy*, 87 Pa. Commonwealth Ct. 408,

---

[2] *See supra* n. 1.

487 A.2d 460 (1985). Here, the trial court considered the rights of both interested bidders and fashioned a remedy giving them both the opportunity to bid on the subject property. And, while Section 613 as it read at the relevant time did not specifically provide for the type of remedy directed by the trial court, we note that its subsequent amendment indicates a legislative judgment that such a remedy is desirable. We must conclude, therefore, that, where no specific remedy was set forth in the statute to cover the instant situation, where the trial court followed a remedy giving both interested parties equal opportunities to bid on the subject property and where the Legislature subsequently explicitly provided such a remedy, there has been no abuse of discretion by the trial court here.

Accordingly, the order of the court of common pleas is affirmed.[3]

## ORDER

AND NOW, this 30th day of November, 1987, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.

---

[3] Because of our disposition of this case, we need not consider the other issue raised by the Bureau.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent.

Although the majority opinion indicates that the amendment to Section 613 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.613, was not in effect at the time of the tax sale in question or at the time of the trial court's order, the majority, nevertheless, gives full force and effect to that amendment. I believe this to be error because it is my opinion that the trial court was limited to a decision

which either confirmed or disapproved of the sale and if the sale was disapproved, the trial court was then required to fix the minimum price below which the property could not be sold.

I, accordingly, would reverse the trial court and remand for further proceedings.