601 A.2d 397

**Salvatore DI VITO, Appellant,**

**v.**

**CITY OF PHILADELPHIA, W. Wilson Goode, Mayor of Philadelphia and Seymour Kurland, City Solicitor and Fairmount Park Commission, Appellees.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 12, 1991.

Decided Dec. 11, 1991.

Salvatore DiVito, pro se.

Maria L. Petrillo, Deputy City Sol., for appellees.

Before McGINLEY and BYER, JJ., and BARRY, Senior Judge.

McGINLEY, Judge.

This is an appeal by Salvatore DiVito (DiVito) from an order of the Court of Common Pleas of Philadelphia County (common pleas court) entering summary judgment[1] in favor of the City of Philadelphia (City), Mayor W. Wilson Goode (Mayor), Seymour Kurland (Solicitor), and the Fairmount Park Commission (Commission) (collectively, Appellees).

In June of 1987, Bill No. 1263 (Ordinance) was introduced before the Philadelphia City Council (Council). The Ordinance authorized the Board of Surveyors of the Department of Streets (Department of Streets) to change the name of a street, located in Fairmount Park, from West River Drive to Palumbo Drive. After introduction of the proposed Ordinance, F. Eugene Dixon, Jr., President of the Commission, requested the Solicitor to issue an opinion on the validity of

---

**1.** We note that Pa.R.A.P. 301(a) states that "[n]o order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 903(a) states that an appeal "shall be filed within 30 days after the entry of the order...." Finally, Pa.R.A.P. 108(b) states that "[t]he date of entry of an order ... shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Because the February 4, 1991, order, granting summary judgment, was not entered on the docket until March 22, 1991, "the appeal period began to run on that date" and DiVito's appeal filed on March 25, 1991, is timely. *See Speight v. Burens,* 371 Pa.Superior Ct. 478, 481, 538 A.2d 542, 543 (1988).

the Ordinance. Brian E. Appel, First Deputy City Solicitor (Deputy Solicitor) reviewed Section 11–304 of the Philadelphia Code (Code)[2] and the Philadelphia Home Rule Charter (Charter) to determine whether Council had the authority to direct the name change. The Deputy Solicitor determined that pursuant to the Charter the Commission has the inherent power to name roads and drives located in Fairmount Park and that Council "cannot order the Department of Streets to rename West River Drive, or erect signs indicating that such name change has occurred, without the approval of the Fairmount Park Commission." Opinion of the First Deputy City Solicitor, June 23, 1987, at 161.

Contrary to the opinion of the Deputy Solicitor, on June 25, 1987, Council voted unanimously to enact the Ordinance and sent it to the Mayor for approval. The Mayor chose not to sign or veto the Ordinance and as a result it became law. *See* 351 Pa.Code § 2.2–202. Council directed the Department of Streets to change the name of West River Drive but the Department of Streets did not comply because of the Deputy Solicitor's opinion.

DiVito, a taxpayer and chairman of a citizen's committee, filed a complaint in mandamus on December 6, 1989, alleging that there is no statutory authority which expressly grants the Commission the power to name streets or roads in Fairmount Park; that "[a]ll plans and expenditures for improvements and maintenance ... for new streets or roads for the construction, maintenance or repair of the same, are subject to review and approval by the City Council and ... the appropriation of the necessary funds by ... City Council"; that the Code expressly grants Council the authority to order the Department.of Streets "to designate the names of roads and drives in Fairmount Park"; "that F. Eugene Dixon, Jr. failed to appear as ordered by City Council, to

2. Section 11–304 of the Code provides:
   The Council shall have the authority to give a name to any street, but the Board of Surveyors may designate any street as "Street", "Avenue", "Road", "Lane" or other designation, when in its judgment such change will be in the public interest, it may make uniform the spelling of street names.

testify as to his understanding of the duties and powers of Fairmount Park Commission over the City Council"; that DiVito's request that Council employ independent legal counsel was improperly denied; and that DiVito was denied the opportunity to address Council as to the need for independent counsel. Complaint, December 6, 1989, paragraphs 11(a) and (b), 12, 13, 14 and 16, Certified Record (C.R.).

Although he filed a mandamus action, DiVito requested the common pleas court to determine whether Council or the Commission has the authority to name roads, streets and drives in Fairmount Park. Appellees filed preliminary objections.[3] The common pleas court dismissed the preliminary objections[4] and Appellees filed an answer with new matter and counterclaim and DiVito preliminarily objected. The common pleas court dismissed DiVito's preliminary objections and he responded to the new matter and counterclaim. Appellees jointly filed a motion for summary judgment which the common pleas court granted, concluding that "[t]here were no factual issues to be tried" and that "[t]he question involved here is purely one of law."[5]

On appeal DiVito contends that the Commission does not have the power or authority to name streets in Fairmount Park; that only Council has the statutory authority to name

3. Appellees filed preliminary objections in the nature of a demurrer alleging that the complaint failed to state a claim for which relief could be granted; that DiVito lacked the capacity to sue; and that the complaint failed to conform to law or rules of court. Defendants' Preliminary Objections, January 17, 1990, at 2–3.

4. The preliminary objections were dismissed because Appellees failed to timely file a memorandum of law as required by local rule.

5. The common pleas court also adopted "as its Opinion for entry of Summary Judgment all of the points and arguments set forth in the Memorandum of Law of the moving party." Opinion at 1. In its memorandum of law, Appellees argue that "the complaint fails to state a cause of action against any defendant"; that "as a matter of law, city council cannot order the Department of Streets to rename a road within the Fairmount Park Commission system without approval of the Commission"; and that DiVito "lacks standing to bring the Complaint in mandamus." Defendants' Memorandum of Law in Support of Motion for Summary Judgment, January 8, 1991, Reproduced Record at 78a.

streets located in the City; and that the complaint states a cause of action.[6]

Our scope of review in mandamus is limited to determining whether the court of common pleas abused its discretion or committed an error of law. *Rizzo v. Schmanek*, 63 Pa.Commonwealth Ct. 547, 439 A.2d 1296 (1981). In *Geriot v. Council of the Borough of Darby*, 491 Pa. 63, 417 A.2d 1144 (1980), *appeal after remand*, 73 Pa.Commonwealth Ct. 1, 457 A.2d 202 (1983) we reiterated the following standards for entry of a summary judgment:

> 1) the case must be clear and free from doubt; 2) the moving party must prove that there is no genuine issue of material fact to be tried and that it is entitled to judgment as a matter of law; and 3) the record must be viewed in the light most favorable to the nonmoving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Id.*, 73 Pa.Commonwealth Ct. at 3, 457 A.2d at 203.

DiVito first argues that the authority to name streets is granted to Council pursuant to the express terms of Section 11–304 of the Code, whereas there is no express grant of authority to the Commission. DiVito asserts that the Deputy Solicitor's opinion is clearly erroneous. It is the position of Appellees that the summary judgment is proper because there is no genuine issue of material fact and that DiVito failed to state a cause of action and lacks standing to bring an action in mandamus. Alternatively, Appellees

6. Also, DiVito has raised these additional issues in his statement of questions involved: (4) "Did Appellee Adhere to the BY–Laws and Operating Procedures of Phila's City Council ..."; (5) "Is the Park Commission *exempt* from adhering [sic] to Sec. 10–110 of the Home Rule Charter"; (6) Is City Council *exempt* from adhering to Sec. 2–105 of the Phila. Home Rule Charter"; and (7) "Are Elected or Appointed members of the EXECUTIVE, LEGISLATIVE AND JUDICIAL, PERMITTED TO DENY APPELLANT THE RIGHTS GRANTED TO ALL CITIZENS UNDER THE 1ST AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION." However, a review of DiVito's brief indicates that DiVito failed to address these issues anywhere in his argument. Pursuant to Pa.R.A.P. 2119 these issues are deemed waived. *See Savage v. Unemployment Compensation Board of Review*, 89 Pa.Commonwealth Ct. 61, 67, n. 6, 491 A.2d 947, 950, n. 6 (1985).

maintain that because the Commission is authorized to govern and manage Fairmount Park, it has the inherent power to name its roads and drives.

### The Mayor

DiVito alleges that the Mayor "is the duly elected, qualified and acting mayor of the ... city of Philadelphia" and that the "Mayor did not approve the ordinance nor veto the same, permitting the ordinance to pass into law by his inaction." Complaint, paragraphs 3 and 8. The Mayor at all times followed the procedures required in order for the Ordinance to take effect and become law pursuant to Section 2.2–202 of the Charter and DiVito has failed to allege that the Mayor refused to perform any duty. As to the Mayor there is no genuine issue of material fact.

### The Solicitor

DiVito alleges that the Solicitor[7] "is the duly appointed, qualified and acting Solicitor of the city of Philadelphia...." Complaint, paragraph 4. DiVito also alleges that the Deputy Solicitor's opinion is in error.

Section 4.4–400(a) of the Charter relevantly provides:

The Law Department shall have the power and its duty shall be to perform the following functions:

(a) Legal Advice. It shall furnish legal advice to the Mayor, to the Council and to all officers, departments, boards and commissions concerning any matter or thing arising in connection with the exercise of their official powers or performance of their official duties and expert as otherwise expressly provided, shall supervise, direct and control all of the law work of the City.

351 Pa.Code § 4.4–400(a). The Solicitor was requested to render a legal opinion by the Commission and did so as required by the Charter. There are no allegations by

7. The Solicitor is the head of the Law Department. *See* Section 3.3–101 of the Charter, 351 Pa.Code § 3.3–101. To avoid any confusion, we shall use the term "solicitor" instead of the term "law department" when referring to Section 4.4–400 and Section 8.8–410 of the Charter.

DiVito that the Solicitor refused to perform any duty. As to the Solicitor there is no genuine issue of material fact.

## The City

DiVito alleges that "the City of Philadelphia ... and the legislative powers of said city are, and at all times hereinafter mentioned, have been vested in the City Council, comprised of seventeen (17) duly elected and qualified councilpeople." Complaint, paragraph 2. DiVito also alleges that Council enacted the Ordinance by unanimous vote of fifteen to zero. DiVito recites the legislative process found at Section 1.1–101 (legislative power) and Section 2.2–201 (manner of introduction, construction and passage of ordinances) of the Charter, 351 Pa.Code §§ 1.1–101 and 2.2–201. DiVito does not allege any refusal on the part of the City to perform its duty under the Charter or existing statutory law. As to the City there is no genuine issue of material fact.

## The Commission

In his complaint, DiVito alleges F. Eugene Dixon, President of the Commission, requested the Solicitor to render an opinion regarding whether Council has the authority to direct the Department of Streets to name streets and roads within Fairmount Park without the approval of the Commission.

Section 8.8–410 of the Charter relevantly provides:

§ 8.8–410. Legal Advice and Services.

Whenever any officer, department, board or commission shall require legal advice concerning his or its official business or whenever any legal question or dispute arises or litigation is commenced or to be commenced in which any officer, department, board or commission is officially concerned it shall be the duty of such officer, department, board or commission, to refer the same to the Law Department.

It shall be the duty of any officer, department, board or commission having requested and received legal advice

from the Law Department regarding his or its official duty, *to follow the same;* and when any officer shall follow the advice given him in writing by the Law Department he shall not be liable in any way for so doing upon his official bond or otherwise. (Emphasis added.) 351 Pa.Code § 8.8–410. The Commission acted in accordance with the mandates of the Charter. DiVito has failed to allege that the Commission has a positive duty to abide by the Ordinance and that the Commission refused to perform any duty. As to the Commission there is no genuine issue of material fact to be developed at trial which would establish any duty on the part of the Commission. To the contrary, it received an opinion from the Solicitor and has a duty "to follow the same."

Further, although the Ordinance states that "... the Department of Streets is authorized and directed to change the name of West River Drive ... and ... to complete erection of signs reflecting this change of name....", the Department of City Streets [8] did not implement the name change. Ordinance, Exhibit A of the Complaint, C.R. We note that DiVito has failed to join the Department of Streets as a defendant. *See* Pa.R.C.P. No. 2229(b). Therefore, DiVito has failed to allege in his complaint that the Department of Streets has a duty to implement the name

8. Section 5.5–500 of the Charter relevantly provides:
   The Department of Streets shall have the power to perform the following functions:
   (a) *City Streets.* It shall itself, or by contract, design, construct, repair and maintain:
      (1) City streets, which shall include highways, roads, streets ... owned, controlled or operated by the City or designated in accordance with law as streets of the City;
      (2) The roads and drives in Fairmount Park.

      .     .     .     .     .

   (d) *Traffic Engineering.* The Department shall make such regulations governing traffic and parking on City streets and on the roads and drives in Fairmount Park as shall be authorized by statute or ordinance, establish and determine the type and location of any and all signs, signals, markings and devices for regulating and controlling vehicular and pedestrian traffic as shall be authorized by and not inconsistent with statute or ordinance....
   351 Pa.Code § 5.5–500(a) and (d).

   .

change or that the Department of Streets improperly refused to perform the name change directed by Council.[9] Even assuming *arguendo* that DiVito joined the Department of Streets as a defendant, just as with the Commission, there would be no genuine issue of material fact because the Department of Streets has a duty to follow the advice of the Solicitor pursuant to Section 8.8–410 of the Charter. Again there is no genuine issue of material fact and Appellees are entitled to judgment as a matter of law.

Accordingly, we affirm the decision of the common pleas court.

BYER, J., concurs in the result only.

## ORDER

AND NOW, this 11th day of December, 1991, the order of the Court of Common Pleas of Philadelphia County is affirmed.

9. Pa.R.C.P. No. 1094(a) states that "[w]hen an action is commenced to compel performance of a public act or duty by a political subdivision of the Commonwealth, it shall be sufficient to name as defendants such officers in their official capacities as are concerned in the act or duty."