# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Brandon, : 
      Appellant : 
       : 
      v. : No. 1855 C.D. 2014
       : No. 1889 C.D. 2014
Tax Claim Bureau, : Submitted: November 6, 2015
Joan Ranch, Director : 


BEFORE:  HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**           **FILED: February 10, 2016**


      Lawrence Brandon (Brandon), acting *pro se*, appeals from an order of the Court of Common Pleas of Cambria County (trial court), dismissing Brandon's petition opposing the proposed private tax sale of two properties located at 420 and 426 Ash Street, Johnstown, Cambria County, Pennsylvania (the Properties).

      The Properties were listed for upset sale in September 2010. Brandon opposed the upset sale of the Properties. The trial court issued two orders, removing the Properties from the September 2010 upset sale and directing that the sale of 420 Ash Street be delayed for one year. On April 16, 2014, the Tax Claim Bureau of Cambria County (Bureau) sent Brandon notice of a proposed private tax sale of the Properties under Section 613 of the Real Estate Tax Sale Law

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

(RETSL).[2] The sale was scheduled for June 20, 2014. Brandon filed a petition opposing the proposed sale of the Properties and alleging various defects in the notice.[3]

The trial court held a hearing regarding the Properties on June 30, 2014. Brandon, appearing *pro se*, testified that although the trial court had issued stays for the Properties in 2010, he was unaware of the stays and the payment plan until he talked with his former attorney. (Hr'g Tr. at 4.) Brandon's former attorney informed him that one of the conditions of the stays was a payment plan of $156 per month (2010 payment plan). (*Id.*) Brandon testified that he was in compliance with the 2010 payment plan because he paid the Bureau $3,500 on May 1, 2013, which he reasoned covered 22 months of the 2010 payment plan. (Hr'g Tr. at 6-8.) Brandon testified that he did not have a copy of any court order or agreement regarding the 2010 payment plan, but that he believed the Bureau possessed a copy. (Hr'g Tr. at 9.) Brandon further testified that the Bureau never sent him a notice of default or posted the property. (Hr'g Tr. at 17.)

Joanne Ranck, Director of the Bureau, testified that the Bureau had no record of any agreement for the 2010 payment plan. (Hr'g Tr. at 18, 21.) She testified that the property[4] had been exposed to upset sale in 2011, but did not sell, and that the Bureau had received a bid to buy the property at a private tax sale. (Hr'g Tr. at 19.) Ms. Ranck testified that the Bureau received no further payments

---

[2] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.613.

[3] Brandon apparently filed only one petition for both Properties, but listed both docket numbers, Nos. 2010-3810 & 2010-3811, on the petition. Although the trial court never officially consolidated the cases, all the paperwork is identical and bears both docket numbers.

[4] It is unclear from the transcript which property is being discussed.

from Brandon after May 1, 2013. (Hr'g Tr. at 22.) She further testified that although the house was posted in 2011, she was not required to post the house prior to the proposed June 20, 2014 sale or to send Brandon a default notice. (Hr'g Tr. at 22-23.)

At the hearing, the Bureau offered a two-year payment plan under which Brandon would pay $2,000 down and $925 per month to clear up the delinquent taxes on the Properties. (Hr'g Tr. at 25.) Brandon rejected that plan, stating that he could not afford it. (Hr'g Tr. at 25-26.) The trial court asked for a counter offer, which Brandon did not make, stating only that he wanted the 2010 plan reinstated. (Hr'g Tr. at 26-27.)

The trial court issued an order on July 14, 2014, dismissing Brandon's petition opposing the proposed sale as meritless. The trial court also, however, found it appropriate to offer Brandon one final opportunity to pay the delinquent taxes and avoid tax sale of the Properties. The trial court entered the following order:

> 1. All tax sales scheduled regarding the subject properties are cancelled. No future tax sales shall be held regarding the subject properties if [Brandon] complies with Paragraph 2 of this Order.
>
> 2. [Brandon] shall pay the outstanding tax claims for the tax parcels due to the [Bureau] plus interest, penalties and fees accruing thereafter by way of an $800 payment to be made on or before August 1, 2014 and thereafter in monthly installments of $300 per month beginning on September 1, 2014, and on the first day of each month thereafter until said claims, accrued interest, penalties and fees are paid in full.
>
> 3. If [Brandon] fails to make any payment due hereunder, the [Bureau] may sell the properties in accordance with [the RETSL].
>
> 4. The subject Petition is hereby DISMISSED.

3

(Trial Court Order, dated July 14, 2014.)

On appeal[5] to this Court,[6] Brandon argues that the sale of the Properties should be void because the Bureau did not comply with the notice procedures mandated in Section 602 of the RETSL[7] and, in essence, that the trial court abused its discretion by imposing the payment plan contained in Paragraph two of the order.[8,9]

Generally speaking, Brandon is correct in his assertion that all notice provisions in Section 602 of the RETSL must be complied with in order for a tax sale to be valid. *See, e.g.*, *Somerset Cnty. Tax Sale of Real Estate Assessed in the Name of Tub Mill Farms, Inc.*, 14 A.3d 180, 183 (Pa. Cmwlth. 2010) ("It is well-established in Pennsylvania that strict compliance with the three notice provisions of Section 602 of the RETSL is required for a tax sale to be valid."), *appeal denied*, 26 A.3d 484 (Pa. 2011). Here, however, no tax sale of the Properties has taken place. Brandon asked the trial court to remove the Properties from tax sale and, even though the trial court found his petition meritless, it nonetheless did what Brandon requested. Not only did the trial court cancel any scheduled tax sale of the properties, it also prohibited the Bureau from attempting

---

[5] Brandon filed two appeals which this Court consolidated by order dated August 3, 2015.

[6] Our scope of review in tax sale cases is limited to a determination of whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law. *In re Serfass*, 651 A.2d 677, 678 n.6 (Pa. Cmwlth. 1994).

[7] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602.

[8] To the extent that Brandon may have attempted to articulate an additional argument in his brief, the Court is unable to discern the gist of the argument.

[9] By order dated October 29, 2015, this Court precluded appellees from filing briefs in this matter.

4

to sell the Properties so long as Brandon made the specified payments. Thus, there is no sale this Court could void.[10] Brandon has, therefore, already received the only remedy he would be entitled to if, as Brandon alleges, the Bureau failed to comply with the notice requirements.

To the extent Brandon argues that the trial court abused its discretion by imposing a new payment plan, we disagree. "[A] court abuses its discretion when it misapplies the law, exercises its judgment in a manifestly unreasonable manner, or reaches a conclusion as a result of partiality, prejudice, bias or ill will." *In re Private Tax Sale of Premises 214 Plushmill Rd., Nether Providence Twp., Delaware Cnty.*, 533 A.2d 1117, 1119 (Pa. Cmwlth. 1987). Here, the trial court exercised its discretion to remove the Properties from tax sale, as requested by Brandon, and then set a payment plan under which Brandon could avoid any future tax sales. The payment plan established by the trial court requires a down payment less than half of that proposed by the Bureau and monthly payments less than one-third of the Bureau's proposed plan. Under this plan, it would take Brandon six years to pay off the delinquent taxes and fees—triple the time allotted by the Bureau's plan. This Court further notes that although Brandon stated he could not afford the Bureau's proposed plan, he never made a counter proposal or informed the trial court of his income. Under the 2010 payment plan that Brandon asserts he is entitled to, it would take almost twelve years to pay off the delinquent taxes. As described above, the terms imposed by the trial court are far more generous than the terms proposed by the Bureau and, given that it would take more than a decade

---

[10] Brandon has not alleged and the record contains no evidence to suggest that the Properties have been exposed to or sold at a tax sale of any kind following the trial court's July 14, 2014 order.

5

for the delinquent taxes to be paid off under the 2010 payment plan and that there is no record of any agreement regarding the 2010 payment plan, the trial court did not abuse its discretion by imposing a new payment plan.[11]

For the reasons discussed above, the order of the trial court is affirmed.

_____
P. KEVIN BROBSON, Judge

---

[11] Brandon does not appear to argue that the trial court abused its discretion when it established *a* payment plan. Rather, Brandon appears to argue that the trial court abused its discretion when it set the terms of the payment plan at an amount higher than Brandon requested.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Lawrence Brandon,
        :
     Appellant    :
        :
    v.       :   No. 1855 C.D. 2014
        :   No. 1889 C.D. 2014
Tax Claim Bureau,     :
Joan Ranch, Director    :

# **O R D E R**

    AND NOW, this 10th day of February, 2016, the order of the Court of Common Pleas of Cambria County is hereby AFFIRMED.

         _____
         P. KEVIN BROBSON, Judge