Sullivan et al., Appellants, *v.* Peters.

Argued April 22, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Andrew B. Cantor,* with him *Raymond Pearlstine,* and *Wisler, Pearlstine, Talone & Gerber,* for appellants.

*Paul W. Callahan,* with him *Fox, Differ & DiGiacomo,* for appellees.

OPINION BY MR. JUSTICE JONES, May 27, 1970:

Pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P. L. 1257, §1, 53 P.S. §6901 *et seq.* (Supp. 1970) (Act 511), the School District of Upper Merion, Montgomery County, passed a tax resolution which imposed a $10.00 "occupational privilege" tax on individuals employed within the district, whose annual income exceeds $1,000.00. The resolution provides that the employers within the School District are to collect the tax from their employees, retaining a 2% collection commission.

On October 24, 1967, several employees within the School District, appellants herein, instituted an action in equity in the Court of Common Pleas of Montgomery County, whereby they sought: (1) a declaration that the method of collection was unconstitutional, and (2) appropriate injunctive relief. There being no controversy as to the pertinent facts, the issue was presented to the court below on the briefs, and a final decree was entered on June 9, 1969, rendering judgment in favor of the defendants. This appeal followed.

In essence, the appellants' position is that Act 511 does not authorize a local municipality to pass an ordi-

nance requiring employers to collect an occupational privilege tax, imposed under the authority of Act 511. Therefore, it is claimed that the local ordinance is unconstitutional insofar as it provides that the tax is to be collected by employers.[1]  In support of their argument, the appellants point out that Act 511 does specifically provide for an earned income tax to be collected by employers (Act of December 31, 1965, P. L. 1257, §9, as amended, August 11, 1967, P. L. 228, §1), although no similar provision was made for the collection of an occupational privilege tax.[2]

Act 511 authorized certain political subdivisions to "levy, assess and collect *or provide for* the levying, assessment and *collection* of such taxes as they shall determine . . . ." Act of December 31, 1965, P. L. 1257, §2, 53 P.S. §6902 (Supp. 1970) (Emphasis added). This language is sufficiently broad to permit the tax to be collected directly by the taxpayer's employer, who would forward the taxes to the taxing authority. *Wilkinsburg Borough v. Wilkinsburg Borough School District*, 365 Pa. 254, 74 A. 2d 138 (1950); *Blauner's, Inc. v. Philadelphia*, 330 Pa. 342, 198 A. 889 (1938). The general provision for the collection of taxes under Act 511 is also broad enough to permit employers' collection of the tax: "Any such political subdivision is hereby authorized to provide by ordinance or resolution for the

---

[1] No claim has been raised that the *imposition* of this tax is improper, and nothing stated in this opinion is to be construed as a finding on the validity of the tax. *Compare* Saulsbury v. Bethlehem Steel Co., 413 Pa. 316, 196 A. 2d 664 (1964) *with* Gaugler v. Allentown, 410 Pa. 315, 189 A. 2d 264 (1963); *cf.* Treaster v. Union Twp., 430 Pa. 223, 242 A. 2d 252 (1968).

[2] The Act was recently amended to explicitly permit such collection by employers of an occupational privilege tax. Act of December 31, 1965, P. L. 1257, §9, as amended, December 12, 1968, P. L.   , §1, 53 P.S. §6909 (Supp. 1970). Accordingly, the only taxes with which we are presently concerned are those payable prior to the 1968 amendment.

creation of such bureaus or the appointment and compensation for such officers, clerks, collectors, and other assistants and employes, either under existing departments, *or otherwise as may be deemed necessary,* for the assessment and collection of taxes imposed under authority of this act." Act of December 31, 1965, P. L. 1257, §10, 53 P.S. §6910 (Supp. 1970) (Emphasis added).

In view of the provisions for collection which are contained in sections 2 and 10 of Act 511, as quoted above, we are persuaded that section 9 was intended to refer only to the taxes specified therein. Collection of the occupational privilege tax by the taxpayers' employers is an efficient and quite reasonable means of collection, and does not prejudice the employees to any extent. *See Swatara Twp. v. Automatic Bowling Centre, Inc.,* 419 Pa. 482, 487-88, 214 A. 2d 725, 728 (1965). *Cf.* Act of May 25, 1945, P. L. 1050, §20, as amended, May 31, 1947, P. L. 372, §1, 72 P.S. §5511.20; Act of July 14, 1961, P. L. 637, §3, 43 P.S. §260.3.

Decree affirmed. Costs to be equally divided between the parties.