School District of the Borough of Aliquippa, Appellant *v.* Pennsylvania State Education Association; Aliquippa Education Association, an unincorporated association, and Donald Adams, President, individually and as Trustee Ad Litem for the Aliquippa Education Association; and Michael Zobrak, District Field Representative, Appellees.

Heard December 22, 1977 by Judge DISALLE.

*John A. Havey,* for appellant.

*Ronald N. Watzman* and *Daniel R. Delaney,* for appellees.

MEMORANDUM OPINION BY JUDGE DiSALLE, December 22, 1977:

We have before us a unique situation. On December 7, 1977, the School District of the Borough of Aliquippa (Appellant) petitioned the Court of Common Pleas of Beaver County for an injunction against the striking teachers in its District. Hearings were held on December 12 and 13, 1977, and on December 13, 1977, the lower court, SAWYER, P.J., enjoined the strike. In addition to enjoining the strike and ordering the teachers back to work, the lower court ordered:

(1)    that the teachers return to work under the terms of the last mutually agreed upon contract between the parties (this being the 3-year contract entered into on October 3, 1974);

(2)   that the District and the Teachers Asso-
      ciation enter into continuous bargaining
      sessions;

(3)   that the Appellant schedule school days
      during Christmas and Easter vacations;
      and

(4)   that the Appellant seek a revision in in-
      structional days from 180 days to 990
      hours.

The Appellant has taken an appeal to our Court and
now asks for a supersedeas.*

Appellant contends that under Rule 1736 of the
Rules of Appellate Procedure, its taking of the appeal
to this Court operates as an automatic supersedeas.
(Although appellant requested a supersedeas from the
court below, it asserts that it did so only because the
lower court indicated that, in its opinion, appellant's
appeal did not operate as an automatic supersedeas
under Rule 1736).

Rule 1736(a) provides that no security shall be
required, *inter alia*, of any political subdivision or
officer thereof.  Subdivision (b) provides: "Superse-
deas automatic.  *Unless otherwise ordered pursuant
to this chapter* the taking of an appeal by any party
specified in Subdivision (a) of this rule shall operate
as a supersedeas in favor of such party."  Initially,
we note that if subdivision (b) is as absolute as peti-
tioner contends, then the clause "Unless otherwise or-
dered pursuant to this chapter . . ." would serve no
purpose.  This same clause appears in Rule 1731, pro-
viding for Automatic Supersedeas of Orders for the
Payment of Money and Rule 1734, defining Appropri-
ate Security.  So that, under Rule 1731, even though
the posting of the security called for shall operate as

---

*It is to be noted that the teachers complied with the order
and returned to work, and it is the School District which has taken
the appeal.

a supersedeas, the lower court may order otherwise. And under Rule 1734, even though, for example, legal tender is appropriate security, the lower court may order otherwise.

It follows then, that subdivision (b) of Rule 1736 grants an automatic supersedeas only if the lower court (or an appellate court) does not otherwise order. Clearly, there may be situations when a court could and should properly require a party acting in a representative capacity, for example, not only to post bond, but also order that the appeal taken by such party shall not operate as a supersedeas.

Our reading of Rule 1737 confirms this interpretation. It gives the lower court or an appellate court authority to require security of a party otherwise exempt. (See note to Rule 1736).

In addition, we note that under Rule 1701(b)(1) a lower court has authority to "(t)ake such action as may be necessary to preserve the status quo . . ." and the note thereto refers to this as "an obvious power of the lower court. . . ." Furthermore, Rule 1732(a) provides that application for a stay or "for approval of or modification of the terms of *any* supersedeas" must ordinarily be made to the lower court, in the first instance.

In our view, the court below acted properly. Clearly, under Rule 1736(b) it had the authority to order that the appeal would not operate as a supersedeas. Moreover, its action in attaching the conditions which it did was entirely reasonable and proper. Most significant, in our view, is the fact that were we to grant the School Board's request and order a stay, the effect might be a return to the strike status. The obviously disastrous effects of such a situation are clearly set forth in Judge SAWYER's order of December 13, 1977. We are not inclined to effectuate such a result. Here the School Board asked the lower court to order

the teachers to return to work. The court did so, and the teachers, commendably, complied with the order. The fact that Judge Sawyer attached conditions to the return to work order which dissatisfy petitioner is not grounds for our granting the extraordinary relief of supersedeas. Clearly, once the chancellor's jurisdiction attached, he had authority to consider all aspects of the controversy. *See Quaker State v. Talbot,* 315 Pa. 517, 174 A. 99 (1934).

It must be kept in mind that all we have before us is the narrow issue of whether or not supersedeas should be granted. We are not here concerned with the merits of the litigation. The School Board has not advanced any reasons to support its claim that it will be harmed or prejudiced in any substantial way by Judge Sawyer's orders. Accordingly, we affirm the lower court's refusal to grant supersedeas and dismiss the petition requesting same.

### Order

And Now, this 22nd day of December, 1977, the application of the School District of the Borough of Aliquippa for supersedeas is refused.