City of Philadelphia, Appellant *v.* Lawrence R. Kane, Appellee.

Argued November 16, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

644

*Vanessa J. Lawrence,* with her *Alan Jay Josel,* for appellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, January 7, 1982:

The City of Philadelphia appeals from a refusal by the Court of Common Pleas of Bucks County to grant judgment on the pleadings in an action of assumpsit for the recovery of wage taxes, interest, and penalties as provided by its Wage and Net Profits Tax Ordinance.[1]

A very narrow point of pleading is involved here. The City of Philadelphia alleged that assessments were made against Lawrence R. Kane for taxes due for the years 1972-75 and that he "was duly notified of such assessments." Kane's answer to that allegation was a denial "since the identity of such assessments is in question and [Kane] is without knowledge or information because the means of proof are within the exclusive control of the [City of Philadelphia]."

Pa. R.C.P. No. 1029(c) reads:

(c) An averment shall be deemed to be denied if proof thereof is demanded and the pleader states either (1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person. The pleader shall not be required to state what in-

---

[1] Philadelphia, Pa., Code §19-1500 *et seq.*

vestigation he has made or to rely upon information received from an adverse party or hostile person.

. The Pennsylvania system of fact pleading requires that the pleading must define the issues, and every act or performance essential to that end must be set forth in the complaint. A court has wide discretion in determining whether a particular averment is a conclusion of law or an averment of fact and in determining the amount of detail that must be averred. Here, the lower court concluded that the averment that Kane was duly notified of the assessments was insufficient to apprise him that he received notice, as contrasted to the possibility that the averred notice was constructive, deemed, or implied as a matter of law. A simple declarative averment setting forth even minimal details of the alleged notice would have sufficed.

The averment in question placed Kane in a position to plead a denial based on exclusive control of the proof by the City or speculate at what the notice may have been and fashion a specific denial based on his speculation. The notice averment here does not support a judgment on the pleadings.

Since the City chose not to plead a declarative averment as to notice of the assessments and not to file a supporting affidavit establishing the fact of notice and its nature, it will be required to offer proof of the fact of notice at trial, and the grant of a judgment on the pleadings in this case is not appropriate, as was the grant of summary judgment in *City of Philadelphia v. Kenny*, 28 Pa. Commonwealth Ct. 531, 369 A.2d 1343 (1977), where the City submitted supporting affidavits and moved for summary judgment.

Order affirmed.

ORDER

AND Now, this 7th day of January, 1982, the order of the Court of Common Pleas of Bucks County, dated April 8, 1980, denying plaintiff's motion for judgment on the pleadings, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.