515 A.2d 657

Richard M. Patterson, James A. Green and Richard Huff, Collectively being members of the Board of Assessment Appeals of Butler County and Donna Clark, Chief Assessor of Butler County, Appellants
*v.* Armco, Inc., Appellee.

Argued May 13, 1986, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Alexander H. Lindsay, Jr.,* with him, *James W. Gerlach, Lindsay & Lutz, P.C.,* for appellants.

*Anthony R. Thompson, Thompson, Somach & Vangilder,* for appellee.

OPINION BY JUDGE CRAIG, September 29, 1986:

The chief tax assessor and the Board of Assessment Appeals of Butler County (county) appeal from a decision of the Court of Common Pleas of Butler County which, in effect, compels the county to issue amended real estate tax bills to appellee Armco, Inc. for tax years beginning on and after January 1, 1984.

This case began when Armco appealed its Butler County real estate assessments for the tax year beginning January 1, 1984. On December 31, 1984, after a lengthy trial in the court of common pleas, the court entered a decree nisi which, among other things, reduced Armco's real estate assessments. From a March 11, 1985 order dismissing its exceptions to the decree, the county, in April 1985, timely filed appeals which this court has separately decided.[1]

Although Armco asked the county to revise its assessment records and to bill Armco in accordance with the court's order, the county continued to assess Armco's properties and bill Armco at the old rate. Consequently, on May 20, 1985, Armco filed a mandamus complaint against the county and requested the common pleas court to compel the county to change Armco's assessment records, and to require the county to notify the different taxing jurisdictions and respective tax collectors of such changes effective January 1, 1984. From the trial court's decision in Armco's favor, the county filed a timely appeal, which is the subject of this opinion.

Mandamus will not lie to compel the performance of discretionary acts except where the exercise or nonexercise of discretion is arbitrary, fraudulent or based upon a mistaken view of the law. *Madden v. Jeffes*, 85 Pa. Commonwealth Ct. 414, 482 A.2d 1162 (1984). In-

---

[1] *Appeals of Armco, Inc. et al.*, 100 Pa. Commonwealth Ct. 452, 515 A.2d 326 (1986).

stead, the extraordinary remedy of mandamus may compel the performance of a ministerial act only where the petitioner has a clear legal right to the action, the respondent has a corresponding duty and no other adequate remedy exists. *DeBald v. McCarthy,* 87 Pa. Commonwealth Ct. 408, 487 A.2d 460 (1985).

On appeal from the issuance of a writ of mandamus, our scope of review is limited to a determination of whether the common pleas court abused its discretion or committed an error of law. *City of Pittsburgh v. Melograne,* 89 Pa. Commonwealth Ct. 243, 492 A.2d 474 (1985).

Here the county contends that the court committed an error of law by relying on section 705 of the Fourth-to-Eighth Class County Assessment Law,[2] 72 P.S. §5453.705, to establish Armco's clear right to the relief it requested in its mandamus petition. Specifically, the county claims that the Pennsylvania Rules of Appellate Procedure have suspended the statutory rule of section 705 and, pursuant to the county's appeal of the court's March 11, 1985 order, provide the county a supersedeas, absent the court's issuing a contrary order pursuant to Chapter 17 of the appellate rules.

The legislature, in 1971, amended section 705 of the Law to read as follows:

> The board, or any person party to the appeal to the court of common pleas, may appeal from the judgment order or decree of the court of common pleas and any matter affecting the assessment: Provided, That the appeal shall not prevent the collection of the taxes upon the assessment fixed or allowed by such judgment, order or decree of the court of common pleas, but in case the same shall be reduced, then the

---

[2] Act of May 21, 1943, P.L. 571, art. VII, §705, *as amended,* 72 P.S. §5453.705.

excess shall be returned to the person or persons who shall have paid the same.

The trial judge read section 705 as providing that a county's appeal of an assessment reduction will not act as a supersedeas. However, Pa. R.A.P. 1736 expressly grants the appealing county a supersedeas by stating in relevant part the following:

(a) **General rule.** No security shall be required of:

. . . .

(2) Any political subdivision or any officer thereof, acting in his official capacity.

. . . .

(b) **Supersedeas automatic.** Unless otherwise ordered pursuant to this chapter the taking of an appeal by any party specified in Subdivision (a) of this rule shall operate as a supersedeas in favor of such party.

The rules promulgated by the Supreme Court have the same force and effect as statutes passed by the legislature. *See Dombroski v. City of Philadelphia*, 431 Pa. 199, 245 A.2d 238 (1968). Furthermore Pa. R.A.P. 5101(g) provides that the appellate rules of procedure are the complete and exclusive procedure relating to appellate practice, and, except as provided in Pa. R.A.P. 5102, suspend all statutes relating to practice and procedure enacted before January 1, 1981.

Because section 705 of the Law and its amendments predate January 1, 1981, we are compelled to conclude that Pa. R.A.P. 1736 would suspend section 705, even if its rather ambiguous terms could be read as negating a supersedeas in this situation. Therefore, the peremptory mandamus cannot be based directly on section 705.

However, we agree with Armco's contention that the supersedeas Pa. R.A.P. 1736 affords the county is not absolute. *See School District of the Borough of Ali-*

*quippa v. Pennsylvania State Education Association,* 33 Pa. Commonwealth Ct. 202, 381 A.2d 1005 (1977). Indeed, Pa. R.A.P. 1736(b) explicitly grants an appealing political subdivision a supersedeas *unless* a court enters a contrary order pursuant to Chapter 17 of the Rules of Appellate Procedure. By invoking the power that Pa. R.A.P. 1736(b) confers upon a trial court to override the automatic supersedeas, the court of common pleas may negate the supersedeas. Hence, in this case, the clear legal right for peremptory mandamus is based upon the strength of the non-superseded judgment of the trial court rather than upon section 705.

It must be acknowledged that the trial court's opinion indicates its judgment is based solely on the statute. Therefore, strictly speaking, one proper action for this court would be to vacate the trial court's order and remand this matter for that court to exercise its discretion under Pa. R.A.P. 1736(b) as a condition precedent to peremptory mandamus relief. However, under Pa. R.A.P. 1732(b), this court has the power to lift an automatic supersedeas even if a trial court has not done so. In light of that power, this court can avoid further delay by simply affirming the trial court's order.

The county also complains that the trial court extended its mandamus order to the issuance of amended tax bills after 1984. We reject that complaint because we do not read that provision of the order as requiring subsequent years to be made identical to 1984. Obviously, the trial judge intends only that the county, with respect to the subsequent years, shall follow the principles which the court found to be applicable to 1984.

Accordingly, we affirm the order of the common pleas court.

ORDER

Now, September 29, 1986, the order of the Court of Common Pleas of Butler County is affirmed.