560 A.2d 875

Alice GETSIE et al.

v.

BOROUGH OF BRADDOCK et al.

Appeal of HARTFORD LIFE INSURANCE COMPANY, Appellant.

Irene DRUSKY

v.

BOROUGH OF BRADDOCK et al.

Appeal of HARTFORD LIFE INSURANCE COMPANY, Appellant.

Alice GETSIE et al.

v.

BOROUGH OF BRADDOCK et al.

Appeal of BOROUGH OF BRADDOCK, Appellant.

BOROUGH OF BRADDOCK, Appellant,

v.

Irene DRUSKY, Appellee.

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1989.

Decided June 19, 1989.

Reargument Denied Aug. 29, 1989.

James Webster, Springer, Bush & Perry, Pittsburgh, for Hartford Life Ins.

John A. Bacharach, Girman & Bacharach, Pittsburgh, for Borough of Braddock.

Thomas H.M. Hough, Hough & Gleason, P.C., Pittsburgh, Anthony J. Martin, Martin & Martin, Monroeville, for appellees.

Before BARRY and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Appellants, Borough of Braddock (Borough) and Hartford Life Insurance Company (Hartford), appeal from an order of the Court of Common Pleas of Allegheny County which found Hartford liable to Appellees, Joseph Fisher (Fisher), Joseph Franco (Franco), Peter Zablocki (Zablocki), Irene Drusky (Drusky), and Francis Muracca (Muracca) and the Borough liable to Muracca only for benefits due from a failed employee pension plan. The trial court's decision is affirmed in part and reversed in part.

The issues presented on appeal are whether the trial court erred in finding Hartford liable to Drusky despite the fact that Drusky did not amend her complaint to specifically include Hartford as a defendant; in holding the Borough liable to Appellees even though the enabling ordinance allowed the Borough to terminate the pension plan; and in finding that the Borough and Hartford are estopped from denying pension benefits to Appellees.

These appeals arise under a common set of facts and present a common issue and were therefore consolidated for trial by the trial court.[1] Appellees were all employees of

1. Drusky's complaint was filed against the Borough and several council members in proceedings captioned *Drusky v. Borough of Braddock,*

the Borough in 1975 when it adopted an ordinance providing for the establishment of a pension plan (Plan) for all employees except police officers.[2] Prior to the passage of this ordinance and after negotiations, Hartford and the Borough reached an agreement on June 6, 1974 regarding the type of Plan to be offered. The Plan gave approximately twenty-five percent of the covered group immediate vested rights. After adoption of the Plan, an informational meeting was held for Borough employees. During that meeting, a booklet was distributed which summarized the Plan, and a representative from Hartford informed the employees that as long as they contributed six percent of their salaries and met all other eligibility requirements, they would receive a pension upon retirement.

Under the Plan, the Borough was required to and did make periodic contributions to Hartford through 1980. After the Borough ceased its payments, Appellees continued to have six percent of their salaries deducted and Hartford continued to accept the payments. Neither Hartford nor the Borough advised Appellees of the Borough's failure to make payments or of the consequences of such failure. Each Appellee reached retirement age, satisfied all eligibility requirements, and applied for a pension. The Borough eventually terminated the Plan by ordinance enacted on June 22, 1982. Hartford advised Appellees prior to that date that their pensions were being terminated or that they would not receive a pension.[3]

Thereafter, Drusky filed her complaint in 1982 and the remaining Appellees filed their complaint in 1984. While the Getsie complaint was amended to name Hartford as a

G.D. 82–19810. Getsie, Muracca, Fisher, Zablocki and Franco filed an amended complaint against the Borough and Hartford in proceedings captioned *Getsie v. Borough of Braddock*, No. G.D. 84–14753. Each complaint alleged that Appellees' pension benefits had been illegally terminated by Appellants. Hartford and the Borough filed cross-claims against each other. Appellants settled with Getsie.

2. Borough of Braddock, Pa., Ordinance 838 (April 8, 1975).

3. Muracca had been receiving a pension; the other Appellees had applied for their pensions but had not received any benefits prior to termination of the Plan.

defendant, the Drusky complaint was never amended. After a non-jury trial, the trial court found the Borough and Hartford liable for the unpaid pension benefits. Thereafter, the Borough settled all of the claims against it with the exception of Muracca's, and Hartford settled the claim against it with Getsie but not with Drusky, Muracca, Fisher, Zablocki and Franco. Hence, the Borough and Hartford's appeal to this Court.[4]

Before addressing the common issue of liability, this Court will discuss whether Hartford can be held liable to Drusky despite the fact that Drusky did not amend her complaint to specifically include Hartford as a defendant. When the Getsie complaint was amended, the Drusky docket number was typed on the amended complaint. However, the Drusky caption was not made a part of the amended complaint and more importantly, the body of the amended complaint is totally devoid of any allegation concerning Hartford and Drusky, and the prayer for relief contained no requested relief for Drusky.

 Additional defendants may be joined by amending the original complaint, as was done in the Getsie action, or by joinder of additional defendants as provided in Pa.R.C.P. No. 2255.[5] Neither action was taken here. Pennsylvania is a fact-pleading state and requires that a pleading define the issues, and every act or performance essential to that act must be set forth in the complaint. *City of Philadelphia v. Kane*, 63 Pa.Commonwealth Ct. 643, 438 A.2d 1051 (1982). Thus, Hartford cannot be held liable to Drusky when it was never made a party to her complaint and no cause of action was pleaded against it.

 Next, the Borough argues that it is not responsible to the Appellees for the failed Plan because the enabling

4. This Court's scope of review of a trial court's decision to issue mandamus requires that the trial court be affirmed unless there has been an abuse of discretion or an error of law. *Borough of Monaca v. Kalervo*, 84 Pa.Commonwealth Ct. 399, 479 A.2d 92 (1984).

5. Counsel for Hartford did not waive this objection, and in fact adamantly raised it at the trial.

ordinance contained a clause in it that allowed the Borough to terminate the Plan. The cases cited by the Borough are inapposite in that they deal with private pension plans and specific contractual language in collective bargaining agreements. A public employee who has complied with the eligibility requirements of a pension fund cannot be adversely affected by subsequent legislation which unilaterally attempts to modify the system. *McKenna v. State Employees' Retirement Bd.*, 495 Pa. 324, 433 A.2d 871 (1981). There is no dispute that Appellees met the eligibility requirements of the Plan. Therefore, the Borough cannot rely on the passage of a subsequent ordinance which purports to terminate the Plan as a basis to escape liability.

■ Hartford argues that it cannot be held liable to Appellees because no contract existed between them. It should be noted that Hartford as the administrator of the pension fund had a duty to notify Appellees of the Borough's failure to contribute to the pension fund which Hartford failed to do. *Rosen v. Hotel & Restaurant Employees & Bartenders Union of Philadelphia, Bucks, Montgomery & Delaware Counties, Pennsylvania*, 637 F.2d 592 (3rd Cir.), *cert. denied*, 454 U.S. 898, 102 S.Ct. 398, 70 L.Ed.2d 213 (1981).

■ Finally, this Court will address the issue of whether Hartford and the Borough are estopped from denying Appellees their pension benefits. After a careful review of the record, this Court finds that, with the exception of Drusky, both Appellants are estopped from denying Appellees their pensions. The doctrine of promissory estoppel is the law of Pennsylvania. *Central Storage & Transfer Co. v. Kaplan*, 487 Pa. 485, 410 A.2d 292 (1979). In order to show all of the elements of promissory estoppel, it must be shown that:

"[a] promise which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character on the part of the promisee and which does induce such action or forebearance is binding if

injustice can be avoided only by enforcement of the promise."

Restatement (Second) of Contracts, Section 90 (1979). *Also see Berliner v. Bee Em. Mfg. Co.*, 383 Pa. 458, 119 A.2d 65 (1956). Additionally, one's silence when one should speak out may be a sufficient act to induce another to believe in a certain set of facts. *Tallarico Estate*, 425 Pa. 280, 228 A.2d 736 (1967).

■ The record reveals that Hartford and the Borough negotiated the Plan and then provided information to Appellees concerning the Plan. Appellees believed that as long as they made the required payments into the Plan, their pensions were secure. The Borough stopped making its required payments in 1981 but neither of the Appellants notified Appellees of the default in payment. Furthermore, the Borough continued to deduct six percent of the employees' salaries and Hartford continued to accept the funds, despite the fact that the Borough was in default. This practice continued for two years until Hartford finally advised Appellees that they would no longer receive pension benefits under the Plan due to the Borough's failure to remit the required payments.

Given these facts, this Court cannot say that the trial court abused its discretion or erred as a matter of law in holding Appellants liable to Appellees with the exception of Drusky who failed to plead a cause of action against Hartford. Accordingly, the order of the trial court is affirmed as to Fisher, Franco, Zablocki and Muracca and reversed as to Drusky.

## ORDER

AND NOW this 19th day of June, 1989, the order of the trial court is affirmed as to Joseph Fisher, Joseph Franco, Peter Zablocki and Francis Muracca and reversed as to Irene Drusky.