MEMORANDUM OF DECISION RE DEFENDANT MARTY GILMAN, INC.'S MOTION TO DISMISS (#118)
CT Page 7851
I. Factual and Procedural History
In her appeal, the plaintiff, Anne Sanger, seeks review of the Lebanon Planning Zoning Commission's (Commission) approval of Marty Gilman, Inc.'s application for a zone change from residential/agricultural to light industrial. The parcel of land issue in this case lies partly in the Town of Bozrah and partly in the Town of Lebanon.
On September 9, 1997, the court (Koletsky, J.) granted the defendants' motions dismiss as to all of the plaintiffs except Anne Sanger. The defendants moved for on the ground that each plaintiff was not statutorily aggrieved pursuant to Statutes § 8-8 and, therefore, all lacked standing to appeal the Commission's
Thereafter, on September 10, 1997, and on October 1, 1997, the defendant Schwartz sold (Defendant's Exhibit 1 and 2, respectively) the parcels of land in the Town of Bozrah as residential building lots (Defendant's Exhibit 1, page 3).[2]
Those parcels of land had been one contiguous parcel owned by the defendant Fay Schwartz. The defendant Marty Gilman, Inc. was the applicant to the Commission and has a contract to purchase the land in Lebanon from the Schwartz.
On March 31, 1998, when this court (Hurley, J.T.R.) heard oral argument, the parties entered into a joint stipulation of facts (Joint Exhibit 2) setting forth the following relevant facts:
"1. At all times relevant to the with in appeals, defendant Marty Gilman, Inc. is and was the contract purchaser of land owned by co-defendant Fay Schwartz, which land is located within the Town of Lebanon to the west of the Lebanon/Bozrah town line, east of Scott Hill Road, north of Standish Road and south of Connecticut Route 2 (`the subject property').
"2. The subject property consists of 22.733 acres more or less and is shown as `remaining lands on Millindorf' on a subdivisions plan entitled `Subdivision Plan of property owned by the estate of Max Millindorf, Goshen Road, Bozrah, Connecticut, prepared for Fay Millindorf-Schwartz, fiduciary/subdivider'. . . . CT Page 7852
"3. Lots 1, 2, and 3, as shown on said subdivision plan, and the subject property were, prior to subdivision approval by the town of Bozrah in August of 1997, all one contiguous parcel lying partly in Lebanon and partly in Bozrah.
"4. At all times pertinent to these appeals, plaintiff Anne Sanger is and was the owner of property located within the Town of Bozrah which property is located approximately 700' distant from any land in Lebanon or under contract to defendant Marty Gilman, Inc. However, the Sanger property does abut a portion of the Bozrah portion of the larger parcel, formerly owned by Fay Schwartz, as same was configured prior to subdivision approval.
"5. In September of 1997, following subdivision approval, defendant Fay Schwartz conveyed Lot 1 to Richard and Lillian M. Caron and no longer has any interest in Lot 1. . . . [I]n October of 1997, [she] conveyed Lots 2 and 3 to Daniel A. and Judy A. Poprosky, and no longer had any interest in Lots 2 and 3. . . . [T]he portion of the property which has been conveyed lies between the subject property and the Sanger property.
"6. Plaintiff Anne Sanger does not currently own any property which abuts or lies within 100 feet of any property currently owned by co-defendant Schwartz."
The instant matter addresses Marty Gilman, Inc.'s motion to dismiss which was filed with the court on October 3, 1997. That motion seeks dismissal of Sanger's appeal on the grounds that as a result of the sale of the parcels of land and pursuant to General Statutes § 8-8, Sanger lacks aggrievement and standing to pursue this appeal. The defendant filed a memorandum in support and the plaintiff filed an opposition. As previously noted, this court (Hurley, J.T.R.) heard oral argument and received evidence on March 31, 1998.
II. Motion to Dismiss, Legal Standard
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject mater. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637,645-46 n. 13, 668 A.2d 1314 (1995). "[A] claim that this court lacks subject matter jurisdiction [may be raised] at any time. Subject matter jurisdiction invokes the authority of the court to adjudicate the type of controversy presented by the action before CT Page 7853 it. . . ." Dowling v. Stolnick, 244 Conn. 781, 787, ___ A.2d ___
(1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996).
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone . . . Where, however . . . the motion is accompanied by affidavits containing undisputed facts, the court may look to their content for the determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988).
In the present case, this court will look to the content of the joint stipulation of facts for the determination of the jurisdictional issue. If, however, there remain disputed facts, this court will consider the plaintiff's allegations in their most favorable light.
III. Discussion
a. Statutory Aggrievement
As previously noted, the defendant moves to dismiss on the ground that the plaintiff lacks aggrievement and standing under General Statutes § 8-8, et seq. The defendant argues that since the plaintiff alleges aggrievement pursuant only to General Statutes § 8-8(a)(1) and since the land sold makes the land affected by the Commission's decision more than one hundred feet away from Sanger's property, Sanger cannot base her aggrievement on § 8-8(a)(1) because that section requires the aggrieved party to be within a one hundred foot radius of the land involved in the decision of a commission. The plaintiff argues that a sale by a defendant in an administrative appeal does not change the plaintiff's aggrievement status because the land involved in the decision of the commission, as defined under § 8-8(a)(1), remains the same. CT Page 7854
Aggrievement implicates the plaintiff's standing to appeal.McNally v. Zoning Commission, 225 Conn. 1, 5-6, 621 A.2d 279
(1993). Aggrievement may be established in one of two ways: statutorily or factually. Cole v. Planning Zoning Commission,30 Conn. App. 511, 515, 620 A.2d 1324 (1993). At issue in this case is statutory aggrievement as established by General Statutes § 8-8(a)(1). Section 8-8(a)(1) defines an aggrieved person "[i]n the case of a decision by a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals, [as] any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." The issue for this court, therefore, is whether or not the intervening sale of the pieces of the original parcel of property considered by the Commission to a third party, non-applicant, can strip a previously statutorily aggrieved party of her status by rendering the "land involved in the decision of the board" more than one hundred feet in radius from the allegedly aggrieved party's land. Both parties agree that the general rule is that when "the plaintiff conveys his property while [an] appeal is pending . . . the appeal [is rendered] moot." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 36.2, p. 615. The defendant argues that it is this principle that controls the instant matter because the defendant contends "Schwartz's action in disposing of her Bozrah holdings obviates . . . any possibility of action by any defendant that can affect `any portion of the land involved in the decision of the [Commission]' within 100 feet of Sanger's land" and, therefore, Sanger is no longer statutorily aggrieved. The plaintiff argues that "the converse of the reasoning why the sale of a [p]laintiff's land renders an appeal moot" does not apply in the instant case because if the plaintiff's proximity to the impact of the Commission's decision was sufficient to confer the status of statutory aggrievement, the intervening sale by a defendant is of no moment. The plaintiff argues that her interest in her land remains the same. This court agrees with the plaintiff that the general rule does not control in this particular case because the determination of statutory aggrievement necessarily hinges upon the definition of the phrase "land involved in the decision".
Our Supreme Court has had occasion to construe the statutory requirements of aggrievement. In Caltabiano v. Planning ZoningCommission, 211 Conn. 662, 560 A.2d 875 (1989), the Supreme Court held that the term "`land involved' in General Statutes § CT Page 78558-8(a) . . . refers to the overall parcel of land owned by the applicant before that agency or the particular piece of land owned by the applicant that was the subject of the agency decision. . . . [T]he land involved in such a decision concerns the complete tract of land owned by the applicant rather than the discrete part of it containing the activity considered in the decision." Id., 663. This court finds the defendant's argument that the land that was involved in the decision of the Commission is capable of being altered after that decision was rendered is unpersuasive. Our Supreme Court clearly defined that land as "thecomplete tract of land owned by the applicant" which was "before that agency . . . [and] was the subject of the agency decision." (Emphasis added.) Id.
In the instant matter, the parties stipulated that when the Commission rendered its decision, that the lots sold to third parties "were, prior to subdivision approval by the town of Bozrah in August of 1997, all one contiguous parcel lying partly in Lebanon and partly in Bozrah" and that "the Sanger property does abut a portion of the Bozrah portion of the larger parcel [of land], formerly owned by Fay Schwartz, as same was configured prior to subdivision approval." This court notes that "the statute is easily applied once the land involved in the agency's decision is determined. . . . `Any portion' of the land involved in the agency's decision means any part of the of the tract even though only part of it will actually be used on the application and the [plaintiff] need only abut some part of the parcel of land." R. Fuller, supra, § 32.4, p. 534. The instructions of theCaltabiano case, therefore, are controlling in this case.
Also in support of its motion, the defendant argues that because the three residential building lots are located in the neighboring town of Bozrah, any inference that spillover effects of the industrial zone change would affect Sanger's property is insupportable. Again, this court notes the parties stipulated that Sanger's property, at the time of the Commission's decision, abutted the Bozrah portion of the "larger parcel . . . [as] the same was configured prior to subdivision approval."
The underlying rationale of the Caltabiano case persuades this court to reject the defendant's argument. After reviewing the legislative history and the legislative enactment of the requirements of statutory aggrievement, the Court concluded that "the legislature presumed as a matter of common knowledge that persons owning property within a close proximity to a projected CT Page 7856 zoning action would be sufficiently affected by the decision of a zoning agency to be entitled to appeal that decision to court."Caltabiano v. Planning Zoning, supra, 211 Conn. 668-69. Here, because of the definition under § 8-8(a)(1) of the parcel of land from which the plaintiff makes a claim of statutory aggrievement and because the plaintiff's land is within a one hundred foot radius, the actual effects on the plaintiff are not a factor considered by the court. Additionally, "[t]here is no reason why the [plaintiff] must own property in the same municipality as the land involved in the agency's decision as long as the [plaintiff] can meet the aggrievement test." R. Fuller, supra, § 32.5, p. 542. In the instant case, as previously noted, this court finds that the plaintiff meets the aggrievement test set forth by the legislature in § 8-8(a)(1) and need not consider other factors not included under the statute.
Finally, the defendant argues that a holding contrary to its position could lead to a disregard of the "`consideration of . . . bizarre results;' [Caltabiano v. Planning Zoning Commission,
supra,] 211 Conn. 669; that the Supreme Court used as a tool of statutory construction. . . ." The Supreme Court in Caltabiano
clearly rejected an argument akin to this defendant's propinquity argument when it stated that while "it is helpful . . . to focus attention on the wide variety of bizarre results that can be conjured up in interpreting the language of statutory aggrievement . . . [o]nly a bright line construction of §8-8(a) can avoid the uncertainties of its application to various factual patterns. . . ." Id., 670. This court, therefore, follows the "bright line" test of statutory aggrievement and will not consider potential "bizarre results".
Accordingly, the defendant's motion to dismiss on the ground the plaintiff lacks statutory aggrievement is denied.
b. Standing
In the alternative, the defendant argues that even if the plaintiff is aggrieved, the plaintiff lacks standing to pursue this action. The defendant contends that even if Sanger's aggrievement status is based upon the proximity of her land to the land considered by the Commission, she lacks standing because she would not receive either individual notice or notice by publication. CT Page 7857
"Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Internal quotation marks omitted.) R R Pool Home, Inc. v. Zoning Board ofAppeals, 43 Conn. App. 562, 569-70, 684 A.2d 1207 (1996). The concepts of aggrievement and standing are intended to protect plaintiffs who have "more than an abstract interest in the property or the issue. . . ." Id. Further, where a party has "a real interest in the cause of action as a statutorily aggrieved person", that party has standing. Fuller v. Planning ZoningCommission, 21 Conn. App. 340, 346, 573 A.d 1222 (1990). For all of the reasons stated above this court finds the defendant's argument unpersuasive. See also Part III. a., supra.
Accordingly, the defendant's motion to dismiss on the ground that the plaintiff lacks standing is denied.
c. Reconsideration of September 9, 1997 Decision
The defendant also urges this court to reconsider the portion of the September 9, 1997 decision denying the defendants' motions to dismiss as to Anne Sanger.[3] The defendant maintains that because the applicant in this case was not the owner of the land, and that the owner of the land merely consented to the application, the court misconstrued the "land involved" in the Commission's decision. For the reasons stated above, this court finds the defendant's argument unpersuasive.
Accordingly, the defendant's request to reconsider the September 9, 1997 decision is denied.
IV. Conclusion
Accordingly, the defendant Marty Gilman, Inc.'s motion to dismiss is denied.
D. Michael Hurley, Judge Trial Referee
[2] This court notes that the survey is marked as Exhibit 1 and the certified copy of the September 10, 1997 deed is also marked Defendant's Exhibit 1. If any reference is to said documents, CT Page 7858 this court will refer to each as "the survey" or "the deed".
[3] While such a request for reconsideration is not encompassed in the Practice Book provisions governing motions to dismiss, since this request was not objected to, this court addresses the defendant's arguments.