## PLUM BOROUGH SCHOOL DISTRICT

v.

## Harry R. SCHLEGEL, Appellant.

Commonwealth Court of Pennsylvania.

Argued May 5, 2004.

Decided Aug. 5, 2004.

Timothy J. Kidd, Pittsburgh, for appellant.

Frank W. Jones, Pittsburgh, for appellee.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge LEADBETTER.[1]

Harry R. Schlegel appeals from the order of the Court of Common Pleas of Allegheny County (common pleas) that issued a writ of mandamus and directed him to collect the *per capita* taxes levied by the Plum Borough School District (school district) for the 2003–2004 fiscal year, in accordance with the school district's resolution.

█ Schlegel is the elected real estate tax collector for the Borough of Plum, a second-class borough. He was re-elected tax collector for a four-year term in November 2001. The school district directed Schlegel to collect the *per capita* taxes that it adopted by resolution on June 24, 2003.[2] The resolutions specifically provided that it was the Borough tax collector's duty to collect and receive the taxes imposed by the resolutions "according to the Acts of Assembly relating to such collection and to the Resolutions of this Board." Historically, the elected tax collector of Plum Borough, including Schlegel, has collected the *per capita* taxes imposed by school district resolution, pursuant to the authority conferred by The Local Tax Enabling Act (Tax Enabling Act), Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§ 6901—6924, and the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101—27–2702. In 2003, Schlegel refused to collect the taxes because he believed that he was not being compensated fairly,[3] and claims he had no statutory duty to do so because the taxes were not imposed by ordinance. However, the school district cannot enact ordinances; it can pass only resolutions.[4]

The school district filed a complaint in mandamus, requesting common pleas to enter judgment against Schlegel and command him to perform his statutory duties as tax collector by collecting the *per capita* taxes. Schlegel failed to file an answer, and the school district filed a motion for judgment on the pleadings. Schlegel then filed an answer with new matter, and the school district filed a reply. After oral argument on October 21, 2003, common pleas granted the school district's motion and issued the writ of mandamus directing Schlegel to collect the taxes at issue. This appeal followed.

█ Schlegel raises three issues in his statement of questions involved, which can be consolidated into one salient question: whether common pleas committed an error of law in requiring him, the duly elected real estate tax collector of Plum Borough,

---

1. This case was reassigned to the opinion writer on June 8, 2004.

2. The school district imposed the *per capita* taxes by two resolutions adopted on this date. Both provided: "A per capita tax for general revenue purposes of Five Dollars ($5.00) shall be levied, assessed and collected on each resident or inhabitant, over eighteen years of age, in the School District of the Borough of Plum, County of Allegheny, Pennsylvania."

3. Schlegel previously filed an equity action against the school district, asking that common pleas set aside the school district's reso-

lutions which set forth his compensation. That action was decided in favor of the school district, and Schlegel did not appeal the decision.

4. Case law holds that a school district is a creature of the legislature, having only the powers granted to it by statute. *Giacomucci v. Southeast Delco Sch. Dist.*, 742 A.2d 1165 (Pa.Cmwlth.1999); *Chartiers Valley Joint Sch. v. County Bd. of Sch. Dir.*, 418 Pa. 520, 211 A.2d 487 (1965). No power to legislate by ordinance has been granted to the school district.

to collect the *per capita* taxes that the school district imposed by way of a resolution rather than an ordinance?[5] Here, the difficulty is caused by the fact that two statutes relevant to the collection of the school district's *per capita* tax appear to impose different requirements for its collection.

Section 1086 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 46086, provides:

> The tax collector shall be the collector of all State, county, borough, school, institution district and other taxes, levied within the borough by the authorities empowered to levy taxes, *but he shall not collect any tax levied and imposed under the act of December 31, 1965 (P.L. 1257) [Tax Enabling Act] unless the ordinance imposing such tax shall provide that he shall be the collector of the said tax.* He shall, in addition to the powers, authority, duties and responsibilities provided for by this act, have all the powers, perform all the duties, and be subject to all the obligations and responsibilities, for the collection of such taxes, as are now vested in, conferred upon, or imposed upon tax collectors by law.

(Emphasis added). Section 2 of the Tax Enabling Act, 53 P.S. § 6902, provides in pertinent part:

> The duly constituted authorities of the following political subdivisions, cities of

the second class, cities of the second class A, cities of the third class, boroughs, towns, townships of the first class, townships of the second class, *school districts of the second class ...* may, in their discretion, *by ordinance or resolution,* for general revenue purposes, levy, assess and collect or provide for the levying, assessment and collection of such taxes as they shall determine on persons ... within the limits of such political subdivisions...."

(Emphasis added).

■ Schlegel argues that, based on this statutory discrepancy, he cannot be required to collect *per capita* taxes imposed by the school district *via* resolution. Rather, he contends that the school district must attempt to hire him for this additional job through "good faith negotiations." Schlegel's brief at 6. We disagree. While we recognize that an ordinance and a resolution are subject to different definitions,[6] what matters here is that both are vehicles by which a political subdivision may levy and collect taxes. Given that the school district can pass only resolutions, it has no other way to direct the elected real estate tax collector to perform his duty and collect the *per capita* taxes.

Section 4(b) of the Local Tax Collection Law, Act of May 25, 1945, P.L. 1050, *as amended,* 72 P.S. § 5511.4(b), provides in relevant part: "In boroughs ... the elect-

---

5. The scope of our review of common pleas' decision to issue mandamus on the pleadings requires that we affirm unless common pleas committed an error of law. *Getsie v. Borough of Braddock,* 126 Pa.Cmwlth. 639, 560 A.2d 875 (1989). "[T]he extraordinary remedy of mandamus may compel the performance of a ministerial act only where the petitioner has a clear legal right to the action, the respondent has a corresponding duty and no other adequate remedy exists." *Patterson v. Armco, Inc.,* 101 Pa.Cmwlth. 104, 515 A.2d 657, 658–59 (1986).

6. " 'Resolution' denotes something less formal than 'ordinance'; generally, it is mere expression of opinion or mind of council concerning some matter of administration, within its official cognizance, and provides for disposition of particular item of administrative business of a municipality; it is not a law...." BLACK'S LAW DICTIONARY 1311 (6th ed. 1990).

ed tax collector shall be the collector of ... school district ... taxes." Section 2 of the Local Tax Collection Law, 72 P.S. § 5511.2, defines "[t]axes" as *including* "all taxes levied and assessed by taxing districts except those levied and assessed under authority of the act of June 25, 1947 (P.L. 1145), as amended [frequently referred to as the 'Tax Anything Act'], and shall also include the penalties and interest imposed thereon."

In *Borger v. Pleasant Valley School District*, 122 Pa.Cmwlth. 187, 551 A.2d 648 (1988), this court rejected the argument of the duly elected tax collector of Eldred Township, Monroe County, that she was not required to collect an occupational tax and a *per capita* tax imposed by the Pleasant Valley School District *via* resolution, pursuant to the Tax Enabling Act. In disagreeing that the definition of taxes contained in the Local Tax Collection Law excludes taxes imposed pursuant to the Tax Enabling Act, we stated:

> Section 2 of the Local Tax Collection Act says only that taxes do not include any taxes adopted pursuant to the Tax Anything Act. That section does not exclude from the definition of taxes any taxes passed pursuant to the Local Tax Enabling Act. That the Tax Anything Act is the predecessor of the Local Tax Enabling Act is of no moment. The taxes here were passed pursuant to the latter and are therefore taxes as defined in the Local Tax Collection Act. Appellant in essence is asking this Court to amend the Local Tax Collection Law. We will not, however, intrude in the Legislature's domain.

*Id.* at 191, 551 A.2d at 650.

Our reasoning in this regard is not hampered by Schlegel's assertion that Section 1001 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 66001, in contrast to The Borough Code, specifically contemplates that the local tax collector may be designated by ordinance or resolution to collect school taxes levied under the Tax Enabling Act. Where Section 4(b) of the Local Tax Collection Law provides that the tax collector shall collect school district taxes in Boroughs, and Section 2 of that law does not exclude from the definition of taxes the *per capita* taxes at issue here, the fact that Section 1086 of The Borough Code omits the word resolution in specifying the powers and duties of a tax collector is not controlling, especially since that section provides: "[t]he tax collector shall be the collector of all ... school ... taxes...." Moreover, reading Section 1086 of The Borough Code *in pari materia* with Section 2 of the Tax Enabling Act, we are satisfied that the General Assembly intended to enable the school district to designate the Borough tax collector as collector of school taxes imposed under the authority of the Tax Enabling Act, as long as the school district officially promulgated the tax and provided that the tax collector collect it. Here, the school district accomplished this task the only way it possibly could— through the adoption of a resolution.

For these reasons, the order of common pleas directing Schlegel to collect the *per capita* taxes at issue is affirmed.

### ORDER

AND NOW, this 5th day of August, 2004, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby AFFIRMED.

President Judge COLINS, dissents.